CITY OF ALLIANCE, APPELLEE, *v.*
KELLY, APPELLANT.

(No. CA-7377—Decided
April 25, 1988.)

*Michael A. Ogline,* city prosecutor, for appellee.

*Stacy L. Mancos,* county public defender, for appellant.

WISE, J. This is an appeal of the September 18, 1987 judgment of the Alliance Municipal Court, finding defendant-appellant, Carl Kelly ("appellant"), in contempt of court for failure to pay fines and costs and sentencing him to a total of one hundred thirty days in jail. Appellant timely appeals, assigning the following as error:

"I. The trial court erred in sentencing appellant to jail for non-payment of fines and costs without providing the procedural safeguards mandated by ORC Section 2947.14, including: an opportunity to be heard, the presentation of evidence, and a judicial finding of fact and conclusion of law.

"II. The trial court erred in that it violated appellant's constitutional right to equal protection by sentencing him to jail solely for non-payment of fines and costs when he was indigent and unable to pay.

"III. The trial court erred in failing to advise appellant of his right to counsel or to provide counsel for the accused indigent."

On July 22, 1987, appellant was served with an order to show cause why he should not be found in contempt for failure to pay fines and costs, accrued since 1981. He appeared as assigned on July 27, 1987, was told to pay the fines, and the hearing was continued until August 27, 1987. When appellant did not appear for that hearing, a bench warrant was executed upon appellant on September 18, 1987. At that time, Judge Tangi read each of the thirteen case numbers and inquired of appellant whether he had a receipt or cancelled check to show that the fine had been paid. To each request, appellant answered that he did not, and was immediately found in contempt of court and sentenced to ten days in jail on each offense. We find upon review that the trial court did not even attempt to conform its procedures to the requirements of R.C. 2947.14 and, therefore, the term of confinement was improperly imposed. The judgment of the trial court is reversed for the following reasons.

I

The appellee in this action urges that we accept the trial court's characterization of these proceedings as contempt for failure to obey an order of the court pursuant to R.C. 2705.02. However, appellee does not suggest precisely which order appellant was charged with disobeying.

We find that the court should have recognized that this case invoked the

procedures required under R.C. 2947.14 for committing an offender to jail for failure to pay a fine. This statute and its predecessor[1] were designed by the legislature to provide a method for collecting a fine from one who is unwilling to pay. *Strattman* v. *Studt* (1969), 20 Ohio St. 2d 95, 49 O.O. 2d 428, 253 N.E. 2d 749.

R.C. 2947.14(A) provides:

"If a fine is imposed as a sentence or a part of a sentence, the court or magistrate that imposed the fine may order that the offender be committed to the jail or workhouse until the fine is paid or secured to be paid, or he is otherwise legally discharged, *if the court or magistrate determines at a hearing* that the *offender is able, at that time, to pay the fine but refuses to do so*. The hearing required by this section *shall be conducted at the time of sentencing.*" (Emphasis added.)

This statute specifically mandates that when a court commits an offender to jail until a fine is paid or until otherwise legally discharged, it must determine at a hearing that the offender is able, at that time, to pay the fine but refuses to do so.

Division (B) of this section requires that the court shall support such a determination by findings of fact set forth in a separate judgment entry that indicate the offender's income, assets, and debts as presented by the offender and his ability to pay. Division (C) requires a hearing on any change in circumstances following an arrest for unwillingness to pay a fine.

"(B) At the hearing, the offender has the *right to be represented by counsel* and to testify and present evidence as to his ability to pay the fine. If a court or magistrate determines after considering the evidence presented by an offender, that the offender is able to pay a fine, the *determination shall be supported by findings of fact set forth in a judgment entry* that indicate the offender's income, assets, and debts, as presented by the offender, and his ability to pay.

"(C) If the court or magistrate has found the offender able to pay a fine at a hearing conducted in compliance with divisions (A) and (B) of this section, and the offender fails to pay the fine, a warrant may be issued for the arrest of the offender. Any offender held in custody pursuant to such an arrest shall be entitled to a hearing on the first regularly scheduled court day following the date of arrest in order to inform the court or magistrate of any change of circumstances that has occurred since the time of sentencing and that affects his ability to pay the fine. The right to the hearing on any change of circumstances may be waived by the offender." (Emphasis added.)

The transcripts from the July 27 and September 18 hearings clearly show that appellant was at no time offered an opportunity to explain his inability to pay the fines or establish a change in circumstances. The documents offered as judgment entries in this case appear to be docket sheets with the intended actions initialed by the trial court. This form of entry, if acceptable at all for other purposes, is certainly not sufficient as findings of fact to support the court's determination that appellant was able to pay the fines.

We therefore find that appellant was not afforded the procedural safeguards mandated by the statute and sustain the first assignment of error.

Appellant apparently has served

---

[1] R.C. 2947.20 was repealed, and R.C. 2947.14 became effective, on January 8, 1985. Among other things, this change eliminated the concept of converting a fine to jail sentence.

all or some part of the sentence imposed, thus division (D) of R.C. 2947.14 is applicable as follows:

"No person shall be ordered to be committed to a jail or workhouse or otherwise be held in custody in satisfaction of a fine imposed as the whole or a part of a sentence except as provided in this section. Any person imprisoned pursuant to this section shall receive credit upon the fine at the rate of thirty dollars per day or fraction of a day. If the unpaid fine is less than thirty dollars, the person shall be imprisoned one day."

Appellant is due the appropriate amount of credit toward the outstanding fines for any time actually served.

## II

Having sustained the first assignment of error, it is unnecessary for us to rule upon the constitutional issues raised in the second assignment of error. *Cuyahoga Falls* v. *Bowers* (1984), 9 Ohio St. 3d 148, 151, 9 OBR 438, 441, 459 N.E. 2d 532, 535.

## III

R.C. 2947.14(B) provides that an offender has the right to be represented by counsel at a hearing for this purpose. It is a burden on the court to advise an accused of his right to counsel, which right is not waived by appellant's silence or failure to request appointed counsel. The third assignment of error is therefore sustained.

Having sustained the appellant's first and third assignments of error, we reverse the judgment of the Alliance Municipal Court.

*Judgment reversed.*

MILLIGAN, P.J., and TURPIN, J., concur.