## State v. Thomas
### [Cite as 2 AOA 1]

Case No. C-890127
Hamilton County, (1st)
Decided March 21, 1990
R.C. 2947.14

*Arthur M. Ney, Jr., Prosecuting Attorney, David L. Prem, Esq., and Judith A. Anton, Esq., 420 Hamilton County Courthouse, Court and Main Streets, Cincinnati, Ohio 45202, for Plaintiff-Appellee,*

*Hal R. Arenstein, Esq., 13 East Court Street, Second Floor, Cincinnati, Ohio 45202, for Defendant-Appellant.*

*Per Curiam.*

This cause came on to be heard upon the accelerated calendar of this Court pursuant to App. R. 11.1 and Local Rule 12, and was submitted for decision upon the record from the Hamilton County Municipal Court and the briefs and arguments of counsel.

Defendant-appellant Charles Thomas appeals from the trial court's order committing him to jail until he paid a $1000 fine that was previously suspended as part of his sentence for driving under the influence of alcohol and driving while under suspension. Thomas's original sentence also included 180 days of incarceration, three years of probation and a two-year driver's license suspension. The fine was imposed by the trial court when Thomas violated the terms of his probation after serving all 180 days of incarceration and being released on probation. Thomas now challenges the imprisonment ordered by the court as a result of his failure to pay the fine, arguing that the court erroneously found it unnecessary to consider evidence of his ability and willingness to pay the fine, presented at a hearing held pursuant to R.C. 2947.14. The trial court refused to consider the evidence because it concluded that the hearing was not required when it ordered payment of a previously suspended fine after the violation of probation. We find the trial court's conclusion to be erroneous. R.C. 2947.14(D) provides that:

"[n]o person shall be ordered to be committed to a jail or workhouse or otherwise held in custody in satisfaction of a fine imposed as the whole or a part of a sentence except as provided in this section."

The statute requires a hearing to be conducted at the time of sentencing to determine an offender's present ability and willingness to pay a fine, and calls for the making of findings of fact supporting the determination. R.C. 2947.14(A) and (B). If an offender is subsequently arrested for failure to pay a fine, an additional hearing must promptly be held to determine whether any change of circumstances has occurred since the time of sentencing. R.C. 2947.14(C). After reviewing the record in this case, we hold that the trial court committed reversible error when it failed to comply with the requirements of R.C. 2947.14 before committing Thomas to jail. See *Alliance v. Kelley* (1988), 48 Ohio App. 3d 133, 548 N.E. 2d 952; *State v. Fahey* (May 5, 1989), Hamilton App. No. C-880331, unreported. We therefore reverse the judgment of the trial court and remand this cause for consideration of the evidence presented in the hearing on Thomas's ability and willingness to pay and for the issuance of findings of fact, as required by the law and in accordance with this decision. It is further Ordered that a mandate be sent to the Hamilton County Municipal Court for execution upon this judgment.

*Judgment reversed,*
*cause remanded.*

UTZ, P.J., DOAN and KLUSMEIER, JJ.