The STATE of Ohio, Appellee,

v.

JAMES, Appellant.

[Cite as *State v. James* (1995), 106 Ohio App.3d 686.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17173.

Decided Oct. 4, 1995.

*Maureen O'Connor*, Summit County Prosecuting Attorney, and *William D. Wellemeyer*, Assistant Prosecuting Attorney, for appellee.

*William Sremack*, for appellant.

REECE, Judge.

Appellant, Jeremy Ronald James, appeals from his conviction and sentence on one count of assault. Because the trial court failed to credit James's sentence for time served in the juvenile detention facility, we reverse that aspect of his sentence.

Because James has appealed only sentencing issues, and has transmitted to us only a transcript of the sentencing hearing, we have a limited record of the underlying facts. James was charged with attempted murder with a firearm specification after allegedly shooting Brad Stinnet in the head. At the time of the alleged incident, James was seventeen years old. Pursuant to Juv.R. 30, the juvenile court relinquished jurisdiction to the court of common pleas. Following a jury trial, James was convicted of the lesser included offense of assault.

The trial court sentenced James to the statutory maximum of one hundred eighty days, and imposed the maximum fine of $1,000. At his sentencing hearing, James sought to receive credit for the time he had already served in the county jail and the juvenile detention facility. James further sought credit toward his fine at a rate of $30 per day for each day he had served in excess of his sentence. He made no claim as to his ability or willingness to pay the $1,000 fine.

The trial court ordered that James be given credit for the thirty-one days he had served in the county jail. The trial court did not specify in James's record of conviction, however, that he had served one hundred seventy-nine days in

juvenile detention pending disposition of the state's Juv.R. 30 motion to transfer jurisdiction.

James appeals and raises two assignments of error relating to this aspect of his sentencing.

### Assignment of Error I

"The trial court committed error in failing and refusing to include in the appellant's record of conviction the number of days he was confined in the juvenile detention center contrary to R.C. § 2949.08 and in violation of the Equal Protection Clause of the United States Constitution."

James contends that, pursuant to R.C. 2949.08, the trial court should have specified in his record of conviction that he had served one hundred seventy-nine days in the juvenile detention facility, so that he could receive credit against his sentence. R.C. 2949.08 provides:

"(B) The record of the person's conviction shall specify the total number of days, if any, that the person was confined for any reason arising out of the offense for which he was convicted and sentenced prior to delivery to the jailer or keeper under this section. The record shall be used to determine any reduction of sentence under division (C) of this section.

"(C) The jailer, administrator, or keeper in charge of a jail or workhouse shall reduce the sentence of a person delivered into his custody pursuant to division (A) of this section by the total number of days the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *."

It is undisputed that the one hundred seventy-nine days James spent in the juvenile detention facility arose out of the offense for which he was convicted and sentenced. The only question is whether confinement in a juvenile detention facility constitutes "confinement" within the meaning of R.C. 2949.08.

The state argues that R.C. 2949.08 applies only to time served in a jail, not to time served in a juvenile detention facility. We disagree. Such a narrow construction of R.C. 2949.08 is contrary to its plain language. The statute does not confine its operation to particular facilities such as jails, prisons or workhouses. The focus of the statute is on "confinement," which is followed by the broad modifier "for any reason." The statute was obviously intended to encompass a wide range of situations and facilities.

R.C. 2949.08(C) enumerates some examples of "confinement": "confinement in lieu of bail while awaiting trial, confinement for examination to determine his competence to stand trial or to determine sanity, and confinement while awaiting transportation to the place where he is to serve his sentence."

■ The Supreme Court of Ohio has concluded from these examples that "confinement" requires such a restraint on the offender's freedom of movement that he cannot leave official custody of his own volition. See *State v. Nagle* (1986), 23 Ohio St.3d 185, 186–187, 23 OBR 348, 349, 492 N.E.2d 158, 159–160. As James was unable to leave juvenile detention of his own volition, he was confined within the meaning of R.C. 2949.08, and he should have received credit for the one hundred seventy-nine days he served in that facility.

■ The trial court committed reversible error by failing to specify this confinement in James's record of conviction or to order that James's sentence be reduced accordingly. The first assignment of error is sustained.

## Assignment of Error II

"The trial court committed error in failing and refusing to give appellant credit at the rate of thirty dollars ($30.00) per day for each day he has served over the maximum sentence."

James contends that he is entitled, pursuant to R.C. 2947.14, to credit at a rate of $30 per day for each day he served in excess of one hundred eighty days. We disagree.

■ R.C. 2947.14 and its predecessor, R.C. 2947.20, were enacted to provide the courts with a mechanism for collecting fines from offenders who refuse to pay. *Alliance v. Kelly* (1988), 48 Ohio App.3d 133, 134, 548 N.E.2d 952, 953. The statute basically provides that if a fine is imposed as part of a sentence and if the court determines that the offender is able to pay but refuses to do so, the court may order the offender confined until the fine is paid. The statute explicitly contemplates that imprisonment will follow a refusal to pay the fine.

■ R.C. 2947.14(D) mandates credit toward the offender's fine, at a rate of $30 per day, only if he has been imprisoned "pursuant to this section." No person will be considered held in custody in satisfaction of a fine "except as provided in this section." Therefore, unless James was explicitly imprisoned for the purpose of satisfying his fine, he is not entitled to the corresponding credit.

■ The time James served in the juvenile detention facility was prior to sentencing, so he obviously was not ordered to serve this time in satisfaction of his fine. In fact, even at the time of sentencing, there was no issue raised as to James's ability or willingness to pay the $1,000 fine. As James was not confined pursuant to R.C. 2947.14, he is not entitled to credit toward his fine. The second assignment of error is overruled.

The judgment of the trial court is reversed and the cause is remanded to the extent that the court failed to order that James's sentence be reduced by the time served in juvenile detention.

*Judgment reversed*
*and cause remanded.*

BAIRD, P.J., and DICKINSON, J., concur.