The STATE of Ohio, Appellee,

v.

COMBS, Appellant.

[Cite as *State v. Combs* (1999), 134 Ohio App.3d 566.]

Court of Appeals of Ohio,
Second District, Champaign County.

No. 99 CA 2.

Decided Sept. 10, 1999.

*Jack W. Whitesell, Jr.*, Champaign County Prosecuting Attorney, for appellee.
*Timothy A. Combs, pro se.*

WOLFF, Judge.

Timothy Combs appeals from a denial of his request for credit against his prison sentence for a period of time he spent at the "Pathfinder Program in Allen County" as a condition of his remaining on probation after having been convicted of domestic violence. Combs sought this relief after the trial court revoked his probation and reimposed a previously suspended eighteen-month sentence. Combs assigns as error the denial of credit for time spent in the Pathfinder program.

In denying credit, the trial court stated:

"The Court finds that the Pathfinder facility is not confinement within the terms of the Ohio Revised Code. Pathfinder Halfway House setting does not have bars and Defendants are free to come and go from the building with permission. Defendants maintain employment while they reside at the halfway house facility. Defendant's time spent in Pathfinder was not incarceration and the jail time credit determination previously made remains in effect."

We have recently considered a similar situation in *State v. McComb* (June 25, 1999), Greene App. No. 99 CA 8, unreported, 1999 WL 961344. In that case, we remanded the cause to the trial court for reconsideration of whether inpatient treatment at Talbert House constituted "confinement" for which McComb was entitled to credit against his prison sentence.

In *McComb*, we noted the Supreme Court's commentary in *State v. Nagle* (1986), 23 Ohio St.3d 185, 186–187, 23 OBR 348, 349, 492 N.E.2d 158, 159, on the legislative examples of "confinement" in R.C. 2949.08(C):

"It is instructive to note that in none of these specified circumstances may the defendant leave official custody of his own volition. In contrast, the rehabilitation

facility imposed restrictions upon appellee's freedom of action to the extent communications with family or friends were restricted or monitored. Yet, appellee's freedom of movement was not so severely restrained, *i.e.*, he indeed did voluntarily depart the facility."

Because we determined that the trial court had erred in relying on R.C. 2929.01(V) in determining whether the Talbert House treatment program was confinement, we remanded for reconsideration of that question, stating:

"Accordingly, we must remand this matter to the trial court for reconsideration of McComb's motion in light of the definition of 'confinement' as contained in the above cited statutes [R.C. 2967.191, 2949.08(C), 2949.12] and elaborated upon in *Nagle*. On remand, the trial court should focus on whether McComb was confined while at Talbert House rather than whether Talbert House satisfied the R.C. 2929.01(V) definition of a 'jail.' Depending on the trial court's familiarity with the Talbert House program, a hearing may or may not be required to make the determination of whether McComb was confined while undergoing treatment at Talbert House. The trial court should conduct an evidentiary hearing if its knowledge of [the] Talbert House program does not enable it to readily determine whether participation in the program does or does not constitute confinement. Regardless of whether it conducts a hearing, if the relief requested is denied, the trial court should provide an explanation of why McComb's participation in the Talbert House program was not confinement." *State v. McComb, supra.*

In this case, the trial court appears to have been sufficiently familiar with the Pathfinder program to explain with particularity why the program did not constitute confinement. Accordingly, remand for a hearing would serve no purpose. Furthermore, we conclude that the trial court correctly concluded that the Pathfinder program was not confinement as contemplated by the legislature.

The assignment of error is overruled.

The judgment is affirmed.

*Judgment affirmed.*

GRADY, P.J., and KOEHLER, J., concur.

RICHARD N. KOEHLER, J., retired, of the Twelfth Appellate District, sitting by assignment.