DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Deborah G. Mercer appeals from an order of the Lorain County Court of Common Pleas that denied her motion for credit for time served. This Court affirms.
On November 14, 1995, the Lorain County Grand Jury issued a true bill indictment against Mercer, charging her with three counts of deception to obtain dangerous drugs in violation of R.C.2925.22(A). Mercer pleaded not guilty to the charges against her, then subsequently changed her plea to guilty in February 1996. On May 24, 1996, the trial court journalized an entry sentencing Mercer to two years imprisonment on each count; the trial court also imposed three years probation and suspended all but thirty days of the sentence.
In January 1997, the probation time was tolled until Mercer was released from the Ohio Reformatory for Women, where she was serving a sentence imposed in another case. Thereafter, acting upon a request by the Adult Probation department, the trial court issued a capias for Mercer on August 25, 1997. A probation hearing was set and rescheduled several times, and on November 18, 1997, a merits hearing was scheduled for November 21, 1997.
Mercer failed to appear for the merits hearing. Instead, prior to the hearing, Mercer had attempted suicide. From November 21, 1997, to late January 1998, Mercer was a patient at the Massillon Psychiatric Center, where she was treated for various psychological disorders and a substance abuse problem. The trial court, which had revoked Mercer's bond upon her failure to appear on November 21, 1997, subsequently issued an order on December 17, 1997, instructing the Massillon Psychiatric Center to notify the Lorain County Sheriff's Department as soon as Mercer was to be released.
Although Mercer contends on appeal that she was released from the Massillon Psychiatric Center and arrested on January 25, 1998, the record indicates that Mercer was arrested on January 27, 1998. The record further indicates that Mercer was then held in the Lorain County Correctional Facility until the merits hearing was held on February 6, 1998. The trial court found that Mercer had violated her probation and reimposed Mercer's original sentence of two years incarceration, with credit for time served awarded. Thereafter, on August 25, 1998, Mercer moved for additional credit for time served, alleging that she was entitled to credit for seventy-eight days that she spent at the Massillon Psychiatric Center.[1] The trial court denied the motion in an entry journalized the next day.
Mercer timely appeals, asserting a single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT DENIED APPELLANT'S MOTION FOR CREDIT FOR TIME SERVED[.]
In her sole assignment of error, Mercer argues that, because her bond had been revoked, she was not free to leave the Massillon Psychiatric Center and is therefore entitled to credit toward her two-year sentence for the period of her treatment. In support of this argument, Mercer relies upon R.C. 2949.08. However, such reliance is misplaced; R.C. 2949.08 applies to misdemeanors, and Mercer was convicted of three counts of R.C. 2925.22(A), felonies of the third degree.[2] The correct statutory scheme applicable to a determination of whether Mercer is entitled to credit for the period of her treatment is set forth in R.C.2949.12, which provides that, pursuant to R.C. 2967.191, the convicted felon's sentence shall specify "the total number of days, if any, that the felon was confined for any reason prior to conviction and sentence." R.C. 2967.191 provides:
 The adult parole authority shall reduce the minimum and maximum sentence or the definite sentence of a prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced * * *.
In interpreting this statute, this Court has previously explained that:
 R.C. 2967.191 requires jail-time credit be given only for the time a prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced. It does not entitle a defendant to jail-time credit for any period of incarceration which arose from facts separate and apart from those facts on which his current sentence is based.
(Emphasis added.) State v. Morgan (Mar. 27, 1996), Wayne App. No. 95CA0055, unreported, citing State v. Dawn (1975), 45 Ohio App.2d 43.
In the instant case, Mercer was not confined to Massillon Psychiatric Center for any reason arising out of her convictions for violating R.C. 2925.22(A), but instead voluntarily entered the facility for treatment related to her suicidal conduct. Although a capias had been issued and a hold had been placed upon her, Mercer was not arrested until after the period of her treatment had concluded. It is axiomatic that the mere revocation of bond should not permit a criminal defendant who has violated probation to claim credit for time served in a psychiatric facility when that individual voluntarily entered such facility after a suicide attempt and the state permitted her to receive beneficial treatment prior to taking her into custody. Therefore, because Mercer was not confined while at Massillon Psychiatric Center, the trial court correctly found that she is not entitled to jail-time credit for the period in which she was receiving treatment. Accordingly, the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 DONNA J. CARR FOR THE COURT SLABY, P.J.
WHITMORE, J.
CONCUR
[1] This Court notes that the contention that Mercer received seventy-eight days of treatment at the Massillon Psychiatric Center conflicts with various treatment dates set forth in the record. Mercer's initial counsel represented to the trial court that Mercer had been committed between November 1997 and February 1998, her third counsel states on appeal that she left the facility on January 25, 1998, and the record indicates that, as of January 26, 1998, Mercer was still at the facility. Given this Court's disposition of Mercer's argument, this Court need not divine the precise number of days that Mercer spent at the Massillon Psychiatric Center.
[2] Accordingly, Mercer's reliance upon this Court's analysis of the statutory scheme applicable to misdemeanors in State v.James (1995), 106 Ohio App.3d 686, is also misplaced, as James has no application to the instant case.