OPINION
Defendant-appellant, Dean C. Fattah, appeals the decision of the Butler County Court of Common Pleas denying him credit for jail time served.
Fattah pled guilty to one count of attempted aggravated trafficking, a fourth degree felony, in August 1996. His offense occurred on May 25, 1996. In October 1996, he was sentenced to a two-year prison term, but his conveyance to prison was extended to determine if he was eligible for acceptance into the Community Correctional Facility in Lebanon, Ohio ("CCC"). Fattah's sentence was eventually suspended and he was placed on probation for up to five years. The probation was conditioned upon Fattah serving up to six months at CCC, abiding by its rules and regulations and successfully completing the program. Fattah was to then attend the Day Reporting Program for up to one year, under intensive supervision probation, and obtain a G.E.D.
In February 2000, it was alleged that Fattah had violated his probation because he had left Ohio without permission. Fattah had left the state to attend culinary school. A warrant for his arrest was issued, and Fattah was arrested in Illinois and returned to Ohio. A probation violation hearing was held after which the trial court revoked Fattah's probation and reimposed the original two-year prison term. The trial court refused to grant Fattah five months credit for his time at CCC. Fattah appeals raising a single assignment of error:
 THE TRIAL COURT ERRED BY NOT GRANTING MR. FATTAH JAIL TIME CREDIT FOR THE PERIOD OF TIME THAT HE SERVED IN THE COMMUNITY CORRECTIONAL CENTER.
Fattah contends that the trial court should have granted him five months credit for time served when reimposing his original sentence. He argues that the time he was at CCC should be considered confinement for which credit should have been granted.
Because Fattah's offense occurred prior to July 1, 1996, Senate Bill 2 is not applicable. We thus look to pre-S.B. 2 statutes. Former R.C.2949.08[1] provides:
 (B) The record of the person's conviction shall specify the total number of days, if any, that the person was confined for any reason arising out of the offense for which he was convicted and sentenced prior to delivery to the jailer or keeper under this section. The record shall be used to determine any reduction of sentence under division (C) of this section.
 (C) The jailer, administrator, or keeper in charge of a jail or workhouse shall reduce the sentence of a person delivered into his custody pursuant to division (A) of this section by the total number of days the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine his competence to stand trial or to determine sanity, and confinement while awaiting transportation to the place where he is to serve his sentence.
 (D) For purposes of divisions (B) and (C) of this section, a person shall be considered to have been confined for a day if the person was confined for any period or periods of time totaling more than eight hours during that day.
Former R.C. 2951.04[2] provides:
 If, at any time after rehabilitation or treatment has commenced, the appropriate drug treatment facility or program reports to the probation officer that the offender is rehabilitated and further rehabilitation or treatment is unnecessary, or that maximum benefit of rehabilitation or treatment has been achieved, the offender shall be relieved of the condition of rehabilitation or treatment, and the court may discharge him or place him on an additional period of probation, upon any conditions that the court considers necessary. If, at any time after rehabilitation or treatment has commenced, the facility or program reports to the probation officer that the offender fails to submit to or follow the prescribed rehabilitation or treatment, or has become a discipline problem, the offender shall be arrested as provided in section 2951.08 of the Revised Code and be removed from the treatment facility or program, and the court immediately shall hold a hearing to determine if the offender failed to submit to or follow the prescribed rehabilitation or treatment or is a discipline problem. If the court determines that the offender failed to submit to or follow the prescribed rehabilitation or treatment or is a discipline problem, it immediately shall revoke the offender's conditional probation and any suspension of the offender's sentence of imprisonment, and impose upon the offender any term of imprisonment that might have been imposed upon the offender at the time of sentencing.
The interplay of these two sections of the Revised Code was discussed in State v. Nagle (1986), 23 Ohio St.3d 185, wherein the offender was placed in a community facility as a condition of probation. The Supreme Court noted that "confinement" for purposes of R.C. 2949.08(C) included specific circumstances, but that "in none of these specified circumstances may the defendant leave official custody of his own volition." Id. at 186. By contrast, a rehabilitation facility imposes certain restrictions upon an offender, but the offender's "freedom of movement [is] not so severely restrained" as to constitute "confinement." Id. at 186-187. Thus,
 [w]hen a defendant's sentence has been suspended and he has been placed on conditional probation pursuant to R.C. 2951.04 and later violates the terms of such probation, the trial court is not required to credit time spent in a rehabilitation facility against any sentence originally imposed.
Id. at syllabus. Thus, even though an offender is sentenced to a rehabilitation or treatment facility, the offender may receive jail time credit for his stay in such a facility only where such a stay may be properly considered to have constituted "confinement."
Lower courts have examined when an offender is confined to a facility. As noted in State v. James (1995), 106 Ohio App.3d 686, 689:
 The statute [R.C. 2949.08] does not confine its operation to particular facilities such as jails, prisons, or workhouses. The focus of the statute is on "confinement," which is followed by the broad modifier "for any reason." The statute was obviously intended to encompass a wide range of situations and facilities.
Because of the focus on "confinement," the courts must review "the nature of the program to determine whether the restrictions on the participants are so stringent as to constitute `confinement' as contemplated by the legislature." State v. Jones (1997),122 Ohio App.3d 430, 432. The nature of this review has been described with regard to a situation similar to the present case as follows:
 [T]he trial court should focus on whether McComb was confined while at Talbert House rather than whether Talbert House satisfied the R.C. 2929.01(V) definition of a "jail." Depending on the trial court's familiarity with the Talbert House program, a hearing may or may not be required to make the determination of whether McComb was confined while undergoing treatment at Talbert House. The trial court should conduct an evidentiary hearing if its knowledge of [the] Talbert House program does not enable it to readily determine whether participation in the program does or does not constitute confinement. Regardless of whether it conducts a hearing, if the relief requested is denied, the trial court should provide an explanation of why McComb's participation in the Talbert House program was not confinement.
State v. Combs (1999), 134 Ohio App.3d 566, 568, quoting State v. McComb
(June 25, 1999), Greene App. No. 99 NA 8, unreported.
In the instant case, the trial court's original sentencing judgment entry does not indicate whether Fattah's placement in CCC was for rehabilitation and treatment or for confinement. The trial court's judgment entry reimposing sentence and the record of the hearing to reimpose sentence give no indication that the trial court considered whether Fattah's participation in the CCC program was confinement. For that reason, the trial court must reconsider the issue of crediting time served. Should the trial court determine that Fattah's participation in the CCC program was confinement, jail time credit must be granted. If the trial court determines that the CCC program was not confinement warranting jail time credit, the trial court must provide reasons supporting its determination.
The trial court erred by refusing jail time credit without first determining if Fattah's participation in the CCC program was confinement. We must therefore remand this issue for proper consideration by the trial court. The assignment of error is sustained.
Judgment vacated and remanded for proceedings consistent with this opinion.
 _________________________ YOUNG, J.
POWELL, P.J., and VALEN, J., concur.
[1] R.C. 2949.08 was amended effective March 23, 2000 to be specifically applicable to community-based correctional facilities. R.C.2949.08(C)(2).
[2] R.C. 2951.04 was repealed by S.B. 2, effective July 1, 1996.