This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Joshua J. Neff has appealed the refusal of the Lorain County Court of Common Pleas to grant him credit for time he served in two community based correctional facilities ("CBCF"). This Court reverses.
In 1995, Neff was indicted on one count of burglary in violation of R.C. 2911.12(A)(3). He pleaded guilty, and the trial court imposed a one and one-half year prison sentence, and suspended the sentence on the condition that Neff successfully complete probation for three years.
Upon recommendation of the Lorain County Adult Probation Department, on September 20, 1996, Neff was ordered to enter and successfully complete the Eastern Ohio Correction Center, a CBCF. He spent approximately four months in the facility.
Neff was found in violation of the terms of his probation on September 19, 1997, and his original one and one-half year sentence was reimposed. Neff spent approximately ninety days in prison, and was then discharged on judicial release to another CBCF, where he served an additional four months.
Again, on March 17, 2000, Neff was found in violation of the terms of his probation, and the original sentence was reimposed. The trial court granted Neff credit for time he served in prison, but the court refused to grant him credit for time he served in either CBCF.
Neff has timely appealed, and has asserted one assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING DEFENDANT'S MOTION FOR CREDIT FOR TIME SERVED IN COMMUNITY BASED CORRECTIONAL FACILITIES (CBCF).
Neff contends that the lower court erred in refusing to grant him credit for time he served in two CBCFs. The state asserts that the denial was proper because although the former version of R.C. 2967.191 "required time spent confined in a CBCF to be included when determining a reduction in a stated prison term[,]" the 1996 amended version excludes such language. The state has failed to recognize that Neff's offense occurred prior to July 1, 1996, and thus Senate Bill 2 is not applicable.
In State v. Nagle (1986), 23 Ohio St.3d 185, the Ohio Supreme Court held that an offender may receive jail time credit for his stay in a rehabilitation or treatment facility where such stay may be properly considered to have constituted "confinement." However, the Supreme Court found that Nagle's request for credit was properly denied by the trial court because Nagle was not "confined" in the rehabilitation center as he was able to voluntarily depart the facility. Consequently, this Court upheld the denial of jail time credit for time spent in Oriana House, a community based correctional treatment facility that offenders can walk away from voluntarily. See State v. Withrow (Dec. 8, 1993), Summit App. No. 16432, unreported, appeal not allowed (1994), 69 Ohio St.3d 1428. InState v. James (1995), 106 Ohio App.3d 686, this Court reversed the trial court's decision to deny James credit for time he spent in a juvenile detention center because James was unable to leave the facility of his own volition. See, also, State v. Mercer (Dec. 15, 1999), Lorain App. No. 98CA007207, unreported (holding that "because Mercer was not confined while at Massillon Psychiatric Center, the trial court correctly found that she [wa]s not entitled to jail-time credit").
The record in the present case does not indicate whether Neff's participation in the programs was "confinement." Therefore, the trial court must reconsider the issue of crediting time served. If the trial court determines that Neff's participation in the programs was confinement, jail time credit must be granted.
The assignment of error is sustained, and the matter is remanded to the trial court for proper consideration. See State v. Fattah (Nov. 13, 2000), Butler App. No. CA2000-03-050, unreported.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
 ___________________________ DONNA J. CARR
BAIRD, P. J., SLABY, J. CONCUR