DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Dominic Marion III, appeals the decision of the Lorain County Court of Common Pleas denying his motion for jail credit. This Court reverses.
On October 14, 1997, Marion was indicted on one count of robbery in violation of R.C. 2911.02(A)(2), and one count of assault in violation of R.C. 2903.13(A). Marion pled guilty and was sentenced to two years in Lorain County Institution on the count of robbery, and six months in Lorain County Correction Facility on the count of assault.
On February 19, 1999, Marion filed a motion requesting a reduction of sentence in accordance with R.C. 2929.20. The court granted said motion and suspended further execution of Marion's sentence on the condition that Marion enter and successfully complete the Lorain-Medina Community Based Correctional Facility ("CBCF") Program. Marion successfully completed the program and was discharged.
On September 15, 2000, the Adult Probation Department requested a probable cause hearing to determine whether Marion was in violation of probation. At the hearing, Marion was found in violation of community control sanctions. The court reimposed the original sentence of two years in Lorain Correctional Institution on the count of robbery, and six months in Lorain County Correctional Facility on the count of assault. Marion then filed a motion for credit for time served in the CBCF. The court denied Marion's motion stating that Marion was placed in the CBCF for purposes of rehabilitation, not for purposes of confinement.
Marion timely appealed and has asserted one assignment of error for review.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING DEFENDANT'S MOTION FOR CREDIT FOR TIME SERVED IN THE LORAIN/MEDINA COMMUNITY BASED CORRECTIONAL FACILITIES (CBCF).
 Marion has argued that the lower court erred in refusing to grant him credit for time he served in the Lorain-Medina CBCF facility. This Court agrees.
The Supreme Court of Ohio addressed this issue in State v. Nagle
(1986), 23 Ohio St.3d 185. In Nagle, the Supreme Court held that an offender may receive jail time credit for his stay in a rehabilitation or treatment facility where such stay may be properly considered to have constituted "confinement." The essential factor is whether the offender is in fact confined. In Nagle, the Supreme Court found that the trial court properly denied Nagle's request for credit because Nagle was not "confined" in the rehabilitation center, as he was able to voluntarily leave the facility. Consequently, this Court remanded a denial of jail time credit for time spent in a CBCF for a determination of whether the participant could voluntarily depart the facility. See State v. Neff
(Feb. 7, 2001), Lorain App. 00CA007578, unreported ("If the trial court determines that Neff's participation in the programs was confinement, jail time credit must be granted."). In addition, in State v. James
(1995), 106 Ohio App.3d 686, this Court reversed the trial court's decision to deny James credit for time he spent in a juvenile detention center because James was unable to leave the facility of his own volition.
In this case, Marion has argued that he was not free to leave the CBCF of his own volition. In oral argument, the state conceded that Marion was confined. Therefore, Marion is entitled to credit for time served in the Lorain-Medina CBCF.
Marion's assignment of error is sustained, and the matter is remanded to the trial court for a determination of the actual number of days Marion served in the CBCF.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the, County of, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to.
Exceptions.
BAIRD, P.J., WHITMORE, J. CONCUR.