OPINION
{¶ 1} Defendant-appellant, James Chambers, appeals a decision of the Butler County Court of Common Pleas, sentencing him to nine months in prison after he failed to comply with the conditions of his community control sanction.[1]
 {¶ 2} On March 20, 1998, appellant pled guilty to breaking and entering. At a sentencing hearing, the court found that appellant was amenable to community control, and sentenced him to five years of community control and a fine of $2,000, along with restitution and other costs. As part of his community control sanction, appellant was required to comply with all financial obligations of the sentencing order.
 {¶ 3} On March 29, 2002, the trial court found appellant had violated the terms of his community control by failing to show for office visits, testing positive for amphetamines and cannabis, and for failing to pay his fines. However, the court continued the community control sanction.
 {¶ 4} On April 9, 2003, the court found that appellant had again violated the terms of his probation by failing to comply with his financial obligations. The court revoked the community control sanction, sentenced him to a nine-month prison term and ordered $500 restitution reduced to judgment.
 {¶ 5} Appellant now appeals the trial court's decision to sentence him to prison, and raises the following single assignment of error for our review:
 {¶ 6} "The Trial Court Erred In Ordering The Incarceration Of The Defendant On The Record In This Case That Did Not Affirmatively Show That The Defendant Had The Means To Pay The Fines And Restitution And Refused To Do So."
 {¶ 7} Within his assignment of error, appellant raises two issues for our review. He first argues that the trial court erred by incarcerating him for nonpayment of a fine without determining whether the nonpayment was willful or intentional.
 {¶ 8} In examining the constitutionality of imprisoning a probationer for failure to pay fines, the United States Supreme Court found that a trial court must make an inquiry into the reasons for the failure to pay. Bearden v. Georgia (1983), 461 U.S. 660, 103 S.Ct. 2064. A court may revoke probation and sentence a defendant to imprisonment within the authorized range for the offense if it finds that the probationer refused to pay or failed to make sufficient bona fide efforts to acquire the resources to pay. Id. at 672-673.
 {¶ 9} It is unconstitutional to revoke probation and imprison an indigent probationer for nonpayment where the record shows the only reason for nonpayment is the inability to pay. State v. Scott (1982),6 Ohio App.3d 39; State v. Crawford (1977), 54 Ohio App.2d 86. Thus, the court must consider evidence of the probationer's ability to pay and there must be evidence that the failure to pay was willful or intentional. Scott at 41.
 {¶ 10} Appellant argues that the record in this case fails to reveal evidence of appellant's employment history, sources of income, cost of supporting dependants, and other issues regarding his income and assets. See Scott at 41. However, we find that such a detailed inquiry is not necessary in this case to determine whether appellant's failure to pay was willful.
 {¶ 11} At the hearing, the trial court stated that it had reviewed and considered the information in the presentence investigation report. This report states that the probation department verified that appellant was employed with Raymond Chambers Siding Company in Hamilton, Ohio with varying wages. A note from the probation officer stated that appellant had problems making scheduled visits even though he works for himself as a roofer/sider. The presentence report reflects that appellant was not taking the conditions of his community control, particularly his financial obligations, seriously.
 {¶ 12} At the May 1, 2003 probation violation hearing, appellant admitted that he had failed to pay his financial obligations as ordered. He admitted that at the previous probation violation hearing, the trial court had told him that he had to pay his financial obligations or he would go to prison. In mitigation, his attorney stated that there had been some confusion regarding the total amount appellant owed, but the problem was straightened out. He further stated that appellant was working, and at some point had an injury to his knee and was unable to work, but was now prepared to begin meeting his obligation. When the trial court questioned appellant, he stated that he had a knee injury in November and was hospitalized in the previous month due to high blood pressure. The trial court questioned appellant about his inability to work during this time and appellant admitted that he did not contact his probation officer to report a problem.
 {¶ 13} The state then argued that despite any health problems in the previous months, the case had been going on for over five years and appellant had only paid $20 toward his fines on February 3, 2003.
 {¶ 14} The court stated that it considered appellant's finances and resources and ability to pay. The trial court found that appellant had been given many, many opportunities to meet his financial obligations in this case and that the probation department had worked with him on this issue, but appellant refused to meet his financial obligations.
 {¶ 15} We find that the trial court did not err in revoking appellant's community control and sentencing him to prison. The record shows concern on the part of the probation department that appellant was not taking his financial obligations seriously. The record indicates that appellant was working throughout the time he was on community control, yet paid only $20 on his financial obligation during almost five years. Thus, we find that the trial court had sufficient evidence to make a determination that appellant's failure to pay was willful and intentional and not simply the result of an inability to pay due to indigency.
 {¶ 16} In the second issue appellant raises for our review, he contends that the trial court erred by not making findings of fact in its judgment entry supporting its determination that appellant is able to pay the fine. Appellant argues that these findings of fact are required by R.C. 2947.14(B), which states that "if a court or magistrate determines after considering the evidence presented by an offender that the offender is able to pay a fine, the determination shall be supported by findings of fact set forth in a judgment entry that indicate the offender's income, assets, and debts as presented by the offender, and the offender's ability to pay."
 {¶ 17} However, after careful review, we find that R.C. 2947.14
was not intended to apply to cases such as the one before us. Subsection (A) of the statute provides that "[I]f a fine is imposed as a sentence or a part of a sentence, the court or magistrate that imposed the fine may order that the offender be committed to the jail or workhouse until the fine is paid or secured to be paid, or the offender is otherwise legally discharged ***." The subsection continues by requiring the court to hold a hearing to determine whether the offender is able, at that time, to pay the fine. The statute also provides that no person can be sentenced to jail or workhouse or held in custody in satisfaction of a fine except as provided by the statute, and that any person imprisoned under the statute shall receive credit on the fine at the rate of $50 per day. R.C.2947.14(D). The statute further provides that "[n]o commitment pursuant to this section shall exceed six months."
 {¶ 18} The purpose of enacting this statute and its predecessor, R.C. 2947.20, was to provide the courts with a mechanism for collecting fines from offenders who refuse to pay. Strattman v. Strudt (1969),20 Ohio St.2d 95; State v. James (1995), 106 Ohio App.3d 686; Alliancev. Kelly (1988), 48 Ohio App.3d 133.
 {¶ 19} In this case, the trial court did not send appellant to jail in an attempt to collect the fine owed. Instead, appellant's community control was revoked and the court imposed a prison sentence, based on the range of available prison terms for the original offense of breaking and entering. See R.C. 2929.15(B). Appellant is not receiving credit on his fine for serving his prison sentence, and the sentence imposed is greater than the maximum six months provided in R.C. 2947.14(E). Thus, we find that R.C. 2947.14 does not apply to the facts of the case at bar. Accordingly, the trial court was not required to set forth findings of fact as described in subsection (B) of this statute.
 {¶ 20} Instead, pursuant to R.C. 2929.18(A), the trial court was authorized to impose a financial sanction on appellant. In so doing, the court was only required to consider whether appellant had the ability to pay a fine. R.C. 2929.19(B)(6). The trial court in this case correctly considered appellant's ability to pay at the appropriate time. Moreover, when community control was revoked solely because appellant failed to follow through on his financial obligations, the court considered evidence that was sufficient to establish that appellant was able to pay these financial obligations. Thus, we find no merit to either of appellant's arguments on appeal. Appellant's assignment of error is overruled.
 {¶ 21} Judgment affirmed.
[1] We have sua sponte removed this case from the accelerated calendar for the purpose of issuing this opinion.