[Cite as *State v. Crank*, 2023-Ohio-4591.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-03-023 |
| | : | O P I N I O N |
| - vs - | | 12/18/2023 |
| | : | |
| ANDREW SCOTT CRANK, SR., | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2022-04-0523

Michael T. Gmoser, Butler County Prosecuting Attorney, and Willa Concannon, Assistant Prosecuting Attorney, for appellee.

Ryan Agee Law, Ltd., and Ryan Agee, for appellant.


**BYRNE, J.**

{¶ 1} Andrew Scott Crank, Sr. appeals from the entry of the Butler County Court of Common Pleas, which revoked Crank's community control and imposed prison terms. For the reasons discussed below, we affirm.

## I. Factual and Procedural Background

{¶ 2} In a plea agreement with the state, Crank entered guilty pleas to two counts of nonsupport of dependents, both fifth-degree felonies. The court found Crank guilty and sentenced him to five years of community control. The court advised Crank that any violation of the conditions of his community control would result in the imposition of a 12-month prison sentence on each count, to be served concurrently.

{¶ 3} Approximately one month after he was sentenced, the Butler County Adult Probation Department alleged that Crank violated the conditions of community control by being charged with new criminal offenses and by failing to report for a scheduled probation department office visit. At a revocation hearing, Crank admitted to the violations. The court accepted the admission but did not revoke community control. Instead, the court permitted Crank to continue on community control with added conditions. Those conditions included successfully completing "Community Correctional Center" for a period of no longer than six months and successfully completing "Felony Non-Support Court." Again, the court advised Crank that a violation of the conditions of his community control would result in imposition of the aforementioned concurrent 12-month prison terms.

{¶ 4} Approximately one month later, the Butler County Adult Probation Department alleged that Crank had violated the conditions of community control yet again. Specifically, the probation department alleged that Crank violated the conditions of community control because he was "unsuccessfully discharged from CCC."

{¶ 5} The court, through its magistrate, held a probable cause hearing, at which the magistrate determined there was probable cause to find that Crank violated the conditions of community control. At a subsequent revocation hearing, Crank did not dispute the community control violation. Instead, in mitigation, Crank stated that,

I realize that I haven't been compliant with my obligation to support my children. I would like to ask the court for another chance. I do have constant work out there at Bob Evans (indiscernible). I have been suffering this affliction that I've had for ten years, currently in remission right now, I have three months clean. I had (Indiscernible) since my first violation, this is the first time. That's all I have, ma'am.

{¶ 6} In announcing its sentence, the court stated,

The Court notes that this – as part of the sentence to enter into this program, the sentencing judge ordered Mr. Crank to successfully complete the CCC program and that was after the sentencing Judge had the opportunity to review that initial assessment from Sojourner.

The Court notes that unfortunately, Mr. Crank was unsuccessfully discharged from the CCC program, and that is what led us to our violation today. So I am going to find that this is not a technical violation. I find that the violation consists of the defendant's demonstrated refusal to participate in the community control sanction imposed upon him, and that the refusal demonstrates to the Court that he has abandoned the objects of community control, and therefore going to find that the Defendant is not amenable to community control sanctions.

{¶ 7} The court thereafter revoked Crank's community control and imposed two 12-month prison sentences, run concurrently.

{¶ 8} Crank appealed, raising one assignment of error.

## II. Law and Analysis

{¶ 9} Crank's sole assignment of error states:

THE TRIAL COURT ERRED IN NOT CONSIDERING WHETHER MR. CRANK WHO WAS INDIGENT HAD THE ABILITY TO PAY HIS SUPPORT OBLIGATIONS.

{¶ 10} Crank argues that the court did not "adequately consider his financial circumstances" and "erroneously based its decision to revoke community control on his failure to meet financial obligations." Based on his assignment of error, we presume that Crank is referring to his failure to pay his child support obligations.

{¶ 11} Crank cites case law from this court and another district for the proposition that a trial court may not revoke community control based *solely* on a defendant's failure to pay financial obligations unless the record shows that the failure to pay was willful and intentional, rather than solely due to indigency. *State v. Chambers*, 12th Dist. Butler No. CA2003-05-137, 2003-Ohio-5991, ¶ 9; *State v. Toler*, 154 Ohio App.3d 590, 2003-Ohio-5129, ¶ 6 (3d Dist.).

{¶ 12} But the trial court in this case did not revoke Crank's community control based either solely or in part on a failure to pay financial obligations. Instead, the record clearly reflects that the *sole* basis advanced by the state for alleging that Crank violated community control and the *sole* finding made by the court in revoking community control was Crank's failure to complete the Community Correctional Center condition of his community control. The state never alleged, and the court never found, that Crank violated the conditions of community control by failing to pay any financial obligation. The only reference to any failure to pay a financial obligation was Crank's own statement in mitigation that he was not current on child support. But there is no support in the record for the assertion that the court based its revocation on Crank's statement about child support or made any findings in that regard.

{¶ 13} Crank's assignment of error is therefore premised on an inaccurate characterization of the record. The arguments Crank makes and the cases he cites are irrelevant to the facts of this case. Accordingly, his assignment of error is meritless.

### III. Conclusion

{¶ 14} The court did not err by failing to consider Crank's financial ability to pay child support obligations before revoking his community control because the court revoked his community control for a completely different reason—that is, his unsuccessful discharge from the Community Correctional Center program. We overrule Crank's sole assignment of error.

{¶ 15} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.