DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Ottawa County Court of Common Pleas sentencing appellant for a term of imprisonment totaling 19 years. For the reasons listed below, this court affirms the judgment of the trial court in part and reverses in part. Appellant is remanded for resentencing pursuant to State v. Foster, ___ Ohio St.3d ___, 2006 Ohio-856.
 {¶ 2} On appeal, appellant sets forth two assignments of error:
 {¶ 3} "1. The trial court erred to the prejudice of Mr. Woody by informing him that it could consider judicial release after he served 5 years when the stated prison term exceeded 10 years and rendered him ineligible for judicial release.
 {¶ 4} "2. The trial court erred to the prejudice of Mr. Woody when it sentenced him to non-minimum, consecutive sentences based on facts not alleged in the indictment nor admitted by Mr. Woody."
 {¶ 5} The facts relevant to the issues raised on appeal are as follows. On June 21, 2004, at approximately 11:45 p.m., a collision occurred on State Route 2 in Ottawa County claiming six lives and injuring four more. The accident occurred as appellant, westbound on State Route 2, crossed the center line and struck an eastbound tractor trailer truck. The impact caused the truck to cross the center line into westbound traffic. The truck struck a glancing blow off a Toyota Corolla and then collided with a Cadillac Escalade head on. Six of the seven passengers in the Cadillac were killed. At one point prior to the collision, the truck driver believed appellant had driven completely into the eastbound lane, with all four tires across the center line. Emergency response personnel noticed the smell of alcohol on appellant while attending to him after the collision. Appellant admitted to having at least two beers earlier in the day.
 {¶ 6} On October 22, 2004, an Ottawa County grand jury indicted appellant on 15 counts. Counts 1 through 6 alleged aggravated vehicular homicide in violation of R.C.2903.06(A)(1)(a). Counts 7 through 12 alleged aggravated vehicular homicide in violation of R.C. 2903.06(A)(2). Counts 13 and 14 alleged aggravated vehicular assault in violation of R.C.2903.08(A)(1)(a). Count 15 alleged failure to stop after an accident involving the death of a person in violation of R.C.2923.02(A). At a pretrial hearing on January 13, 2005, appellant entered pleas of no contest to counts 7 through 12 and 14. In exchange, the state dropped the other charges against him. The trial court continued the matter for sentencing on March 4, 2005.
 {¶ 7} The trial court imposed a three-year sentence on each of the aggravated vehicular homicide counts and a one-year sentence on the count of aggravated vehicular assault. Each sentence was imposed consecutively for a total of 19 years. The other eight counts were dismissed.
 {¶ 8} After imposing sentence, the trial court informed appellant it would consider judicial release after he had served five years of the 19-year term. Appellant's trial counsel approached the bench and stated R.C. 2929.20(A) barred judicial release because the imposed sentence exceeded ten years. The trial court indicated its belief appellant would be eligible because the sentence for each individual count was less than ten years. Trial counsel then reminded the court of R.C. 2929.01(GG) which provides the sentence must be evaluated "as a whole." The trial court accepted this and the bench conference concluded. Then the trial court stated: "It is my belief that in five years, Mr. Woody would be subject to apply for Judicial Release * * * If I'm still taking assignments, then it will probably be given to me and I will be fair and open at that time." Appellant filed a timely notice of appeal.
 {¶ 9} In his first assignment of error, appellant asserts the trial court "misapprehended the law" with regard to its ability to consider judicial release. Appellee acknowledges the error and both parties advocate remand. Appellant further asserts the trial court intended to retain jurisdiction over him and requests this court order a full reconsideration of his sentence. For the reasons stated below, we hold that the statement by the trial court was a harmless error and affirm appellant's sentence.
 {¶ 10} R.C. 2929.20(B), which provides for judicial release under certain circumstances, states: "Upon the filing of a motion by the eligible offender or upon its own motion, a sentencing court may reduce the offender's stated prison term through a judicial release in accordance with this section * * *." Further, R.C. 2929.20(A) states: "As used in this section, `eligible offender' means any person serving a stated prison term of tenyears or less * * *" (Emphasis added). The statute defines "stated prison term" as: "* * * the prison term, mandatory prison term, or combination of all prison terms and mandatory prisonterms imposed by the sentencing court * * *." R.C. 2929.01(GG) (Emphasis added). Thus, as both parties acknowledge, appellant clearly will not be eligible for judicial release after serving five years of his 19-year sentence.
 {¶ 11} Crim.R. 52(A) states, "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." In State v. Barnett (Mar. 31, 1998), 6th Dist. No. H-97-020, this court addressed the issue of misstatements or harmless errors during sentencing. In Barnett,
the defendant was sentenced to eight years imprisonment. The trial court misstated his eligibility for judicial release by indicating he would be eligible after only 180 days. Defendant's release was clearly barred by R.C. 2929.20(B)(3). In addressing the misstatement, this court said, "* * * [I]t is true that the trial court misstated the time period when appellant will be eligible to apply for judicial release[.] * * * Since appellant's conviction in no way depended upon this statement, he has failedto establish that the misstatement prejudiced him or otherwiseaffected the outcome of his case. Therefore, even though the trial court erred in its comments as to appellant's eligibility for judicial release, such error was harmless." Barnett,
supra, at 7 (Emphasis added). Appellant is in a similar situation. Although his sentence was the result of a plea agreement, appellant's agreement to the plea was not conditional on eligibility for judicial release after five years. Thus, the misstatement by the trial court was a harmless error because it was not prejudicial and did not affect appellant's substantial rights. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 12} In appellant's second assignment of error, he renews his objection based on Blakely v. Washington (2004),542 U.S. 296, regarding consecutive, non-minimum sentences. We find, however, that this case is impacted by the recent decision of the Supreme Court of Ohio in State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856, which holds several of Ohio's sentencing statutes unconstitutional for violating the Sixth Amendment to the United States Constitution in the manner set forth in Apprendi v. NewJersey (2000), 530 U.S. 466, and Blakely v. Washington, supra. This court has reviewed the entire record of proceedings before the trial court. We find that the sentencing court referenced statutes deemed unconstitutional by Foster, which holds that a trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or greater-than-minimum sentences. Accordingly, appellant's second assignment of error is well-taken.
 {¶ 13} Foster was released while this case was pending on direct review. As such, Foster dictates that appellant's sentence is void and therefore must be vacated and remanded for resentencing on the basis of non-severed sentencing statutes.
 {¶ 14} On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is reversed as to sentence only and remanded solely for resentencing in conformity with Foster.
Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
Judgment Reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J., Parish, J., concur.