DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Ottawa County Court of Common Pleas which resentenced defendant-appellant, Brian J. Woody, after we remanded the case for resentencing in light of the Supreme Court of Ohio's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. Appellant now challenges that sentence through the following assignments of error:
 {¶ 2} "Assignment of Error Number One *Page 2 
 {¶ 3} "The trial court erred to the prejudice of Mr. Woody by sentencing him to consecutive, non-minimum sentences in violation of his right to protection from Ex Post Facto sentencing and his right to due process as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and the applicable portions of the Ohio Constitution.
 {¶ 4} "Assignment of Error Number Two
 {¶ 5} "The trial court erred to the prejudice of Mr. Woody and should not have imposed a consecutive sentence of more than minimum time because the record does not support such a sentence."
 {¶ 6} On October 22, 2004, appellant was charged in a 15 count indictment with six counts of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a), six counts of aggravated vehicular homicide in violation of R.C. 2903.06(A)(2), two counts of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), and one count of failure to stop after an accident involving the death of a person in violation of R.C. 2923.02(A). Subsequently, appellant entered no contest pleas to six counts of aggravated vehicular homicide in violation of R.C.2903.06(A)(2) and one count of aggravated vehicular assault. In exchange, the state dropped the remaining charges against him. Subsequently, the lower court sentenced appellant to three years on each of the aggravated vehicular homicide counts and one year on the aggravated vehicular assault count and ordered that the terms all be served consecutively to each other for a total sentence of 19 years imprisonment. *Page 3 
 {¶ 7} In a decision and judgment entry of March 24, 2006, we reversed appellant's sentence in light of the Supreme Court of Ohio's decisionin Foster, supra, and remanded the case for resentencing. State v.Woody, 6th Dist. No. OT-05-012, 2006-Ohio-1624. On April 17, 2006, the lower court held a resentencing hearing. At that hearing, the court addressed appellant, expressly considered the overriding purposes of felony sentencing set forth in R.C. 2929.11, which are to protect the public and punish the offender, noted that none of the offenses for which appellant was convicted required a mandatory term, weighed the seriousness and recidivism factors of R.C. 2929.12 that the court deemed appropriate, concluded that the more serious factors outweighed the less serious factors, and concluded that recidivism was more likely than less likely. The court then determined that a prison term was consistent with the purposes and principles of sentencing and that appellant was not amenable to any community control sanction. The court then again sentenced appellant to three years each on the aggravated vehicular homicide counts and to one year on the aggravated vehicular assault count and ordered that the terms were to run consecutively, for a total term of 19 years incarceration. On April 24, 2006, the lower court filed a judgment entry of sentence reflecting the sentence imposed at the hearing. Appellant now challenges that judgment on appeal.
 {¶ 8} In his first assignment of error, appellant contends that the sentence imposed upon him by the trial court pursuant to Foster was in violation of his rights to due process and to protection from ex post facto laws guaranteed by the Fifth, Sixth and *Page 4 Fourteenth Amendments to the United States Constitution and the applicable portions of the Ohio Constitution.
 {¶ 9} Upon review, we find that we have already fully addressed and rejected the arguments made under this assignment of error in State v.Coleman, 6th Dist. No. S-06-023, 2007-Ohio-448. The first assignment of error is therefore not well-taken.
 {¶ 10} In his second assignment of error, appellant asserts that the record does not support the imposition of non-minimum, consecutive sentences and that the trial court therefore erred in imposing the sentence that it did.
 {¶ 11} A trial court's discretion to impose a sentence within the statutory guidelines is very broad and an appellate court cannot hold that a trial court abused its discretion by imposing a severe sentence on a defendant where that sentence is within the limits authorized by the applicable statute. State v. Harmon, 6th Dist. No. L-05-1078,2006-Ohio-4642, ¶ 16, citing Harris v. U.S. (2000), 536 U.S. 545, 565. An appellate court may not set aside the sentence if there is no clear showing that the trial court abused its discretion. Id. An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 12} Trial courts must carefully consider the statutes that apply to every felony case. See State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, ¶ 38. There is no specific language, however, that must be used to evince the requisite consideration of the applicable seriousness and recidivism factors. State v. Arnett (2000),88 Ohio St.3d 208, *Page 5 
215. For this reason, a sentencing judge can satisfy his or her duty under R.C. 2929.12 with nothing more than a rote recitation that the applicable factors of R.C. 2929.12(B), (C), (D) and (E) have been considered. Id. Moreover, pursuant to Foster, trial courts are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences, and have full discretion to impose a prison sentence within the statutory range.Foster, ¶ 100.
 {¶ 13} At the sentencing hearing below, the trial court considered the record, oral statements, victim impact statements from the prior sentencing hearing, and the presentence report. The court further considered the principles and purposes of felony sentencing and then expressly addressed the seriousness and recidivism factors that the court found relevant. The court then imposed three year sentences for each charge of aggravated vehicular homicide, all third degree felonies. The statutory range for a third degree felony is one to five years imprisonment. The court also imposed a one year sentence for the charge of aggravated vehicular assault, a fourth degree felony. The statutory range for a fourth degree felony is six to 18 months imprisonment. In ordering that the terms be served consecutively, the court held that the terms were consistent with the purposes of sentencing and that appellant was not amenable to any community control sanction.
 {¶ 14} Upon review, we cannot say that the trial court abused its discretion in imposing sentence as it did, and the second assignment of error is not well-taken. *Page 6 
 {¶ 15} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski P.J., Arlene Singer, J., CONCUR. *Page 1