THE STATE OF OHIO, APPELLEE, *v.* CRAWFORD, APPELLANT.

(No. C-76810—Decided October 19, 1977.)

*Mr. Thomas A. Luebbers, Mr. Paul J. Gorman* and *Mr. Frank H. Prouty,* for appellee.

*Mr. Peter Rosenwald,* for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal; the transcript of the docket, the journal entries and original papers from the Hamilton County Municipal Court; and the transcript of the proceedings, the briefs and the arguments of counsel.

Now, therefore, the assignment of error having been fully considered is accordingly passed upon in conformity with App. R. 12(A) as follows.

Crawford appeals the finding of the Hamilton County Municipal Court that he was guilty of a probation violation, claiming that the finding was erroneous because the alleged violation was the nonpayment of fines and costs and the sole cause of such nonpayment was his indigency. For the reasons that follow, we vacate the finding of probation violation, reverse the judgment below and remand this cause for further proceedings.

A review of the facts disclosed by the record is necessary to an understanding of the narrowness of our decision. Convicted of two traffic violations, Crawford was sentenced to 180 days and fined $300 and costs; his driver's

license was suspended for 1,000 days. Ninety-nine days were suspended, and he was ordered to pay the fines through the probation department. He was then incarcerated for the 81 days that had not been suspended. After he served that time, he was released to probation and remained so for about four months, whereupon he was incarcerated on a separate and independent conviction. Towards the fifth month of that other sentence, he was charged by the probation department with the instant probation violation, the probation officer testifying as follows:

"The violation was filed for failure to pay that money during the probation. The total amount still owed is $320."

The evidence discloses that during the four months between incarcerations, Crawford had no work, no property, no income and no other resources from which to pay the fines, that his wife received disability benefits of $160 per month, and that the other charge for which he was incarcerated at the time of the instant charge of probation violation was also a probation violation for the failure to pay a fine.

The record is sparse but it presents squarely the issue of whether it is unconstitutionally discriminatory to jail an indigent probationer for the nonpayment of fines and costs when the only reason shown on the record is his inability to pay. The evidence fails to prove that Crawford willfully or intentionally failed or refused to pay the fines and costs, or to gain employment in order to pay them.

The United States Supreme Court has held that an indigent cannot be imprisoned for nonpayment of fines once he has served the maximum period fixed by statute. This would constitute "an impermissible discrimination that rests on ability to pay," in violation of "the basic command that justice be applied equally to all persons." *Williams* v. *Illinois* (1970), 399 U. S. 235. Further, a state cannot impose a fine and then automatically convert it into a jail term solely because the defendant is indigent and cannot pay, when the offenses are those for which fines are the only legislated penalty. *Tate* v. *Short* (1971), 401 U. S. 395.

Following these precedents, the Ohio Supreme Court

held in *In re Jackson* (1971), 26 Ohio St. 2d 51, that it is a violation of the Equal Protection Clause to convert a fine into a prison term for an indigent defendant without the means to pay his fine. In that case, the defendant was sentenced for a period less than the maximum allowed in the statute, and he was also fined. He sought a writ of habeas corpus at the expiration of the jail sentence, and the Supreme Court held that the writ should issue.

We believe the same principles apply to incarceration for nonpayment of fines imposed on a probationer who is indigent and cannot pay. Compare, *People* v. *Terminelli* (1976), 68 Mich. App. 635, 243 N. W. 2d 703. The fact that incarceration was imposed after a period of probation rather than immediately upon conviction is not constitutionally significant, where the only ground for the imprisonment is the inability to pay.

Our decision is circumscribed. It is limited to the factual situation revealed by the record in this case, and we deem it important to state briefly that which we do not hold. We do *not* hold that it is unconstitutional to imprison a probationer for a willful or intentional failure to pay or to take steps reasonably within his abilities in order to be able to pay. We do *not* limit in any way beyond the exact situation disclosed in this record the discretion of a trial court to condition probation on the payment of fines and costs or on continued good behavior without any further violation of the law, or on any other reasonable grounds within the capacity of the probationer. We do *not* in any way preclude a further inquiry into Crawford's conduct while on probation and his success or failure in meeting the conditions of his probation.

The assignment of error is well taken. We reverse the judgment below and remand this case for further proceedings pursuant to law.

*Judgment reversed.*

KEEFE, P. J., CASTLE and BLACK, JJ., concur.