The STATE of Ohio, Appellee,

v.

TOLER, Appellant.

[Cite as *State v. Toler*, 154 Ohio App.3d 590, 2003-Ohio-5129.]

Court of Appeals of Ohio,
Third District, Union County.

No. 14–03–17.

Decided Sept. 29, 2003.

Alison Boggs, Union County Prosecuting Attorney, and Yvonne M. Watson, Assistant Prosecuting Attorney, for appellee.

Kerry Donahue, for appellant.

---

WALTERS, Judge.

{¶ 1} Defendant-appellant, Andrew J. Toler, appeals from a judgment of the Union County Common Pleas Court, finding him in violation of the terms of his community control and sentencing him to a term of four years' incarceration. Toler claims that the court erred when it revoked his community control for failure to pay financial obligations without first finding that such a failure had been willful. We find that the trial court had adequate grounds for revoking community control in addition to Toler's failure to meet his financial obligations. Therefore, we affirm the judgment of the court below.

{¶ 2} In April 1998, Toler pled guilty to one count of burglary and was sentenced to five years in prison along with a fine of $1,000 and the costs of prosecution. In September 1998, Toler was judicially released and placed on five years of community control. Subsequently, in November 2000, he admitted violating his community control and was sentenced to four years of incarceration. Once again, in February 2001, Toler was granted judicial release and placed on

community control for five years. In July 2002, Toler again admitted to violating his community control; however, he was allowed to continue on community control at that time.

{¶ 3} The present case arises from a hearing on April 8, 2003. At that hearing, Toler admitted violating the terms of his community control. Specifically, the trial court found that Toler had violated community control by failing to keep his supervising officer informed of his residence, by failing to report to his supervising officer, and by failing to pay the required financial obligations. Having found Toler in violation of his community control, the court sentenced him to four years of incarceration, giving him credit for 424 days served. It is from this sentence that Toler appeals, presenting the following sole assignment of error for our review:

"It was error for the court to sentence the indigent defendant to prison for failure to pay money in the form of fines, costs, or restitution, since the defendant was unable to make such payments."

{¶ 4} Toler maintains that because he was financially unable to pay the court-ordered obligations, it was error for the trial court to revoke his community control based upon his failure to pay those obligations.

{¶ 5} An appellate court reviews the trial court's decision to revoke community control using an abuse-of-discretion standard.[1] An abuse of discretion indicates a decision that is unreasonable, arbitrary, or unconscionable.[2] Toler claims that the court abused its discretion because all of his violations were related to his nonwillful status as an indigent. We disagree.

{¶ 6} Toler is correct in asserting that absent certain findings by the court, an indigent's community control cannot be revoked merely because they do not have the ability to pay fines, fees, restitution, etc.[3] However, the court in the current case based the community-control revocation on more than just Toler's failure to pay his financial obligations. It also found that he violated his community control by failing to report to his supervising officer and failing to

---

1. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144; *State v. Alford* (June 27, 1994), 3d Dist. Nos. 13–94–6 and 13–94–7, 1994 WL 318000, citing *Columbus v. Bickel* (1991), 77 Ohio App.3d 26, 38, 601 N.E.2d 61; *State v. McKnight* (1983), 10 Ohio App.3d 312, 313, 10 OBR 517, 462 N.E.2d 441.

2. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

3. *Bearden v. Georgia* (1983), 461 U.S. 660, 672–673, 103 S.Ct. 2064, 76 L.Ed.2d 221; *State v. Walden* (1988), 54 Ohio App.3d 160, 162–164, 561 N.E.2d 995; *State v. Scott* (1982), 6 Ohio App.3d 39, 41–42, 6 OBR 150, 452 N.E.2d 517; *State v. Crawford* (1977), 54 Ohio App.2d 86, 87–88, 8 O.O.3d 135, 375 N.E.2d 69.

report his change of address. Toler argues, but fails to show, that these additional violations were based upon his status as an indigent.

{¶ 7} Toler claims that it was his inability to afford housing, and his subsequent homelessness, that kept him from being able to report his address to his supervising officer. However, it was not the fact that Toler was homeless that was a violation of his community control; it was the fact that he never reported such status to his supervising officer. Even without a definite place of residence, Toler could have informed his supervising officer of his whereabouts and the fact that he was currently homeless. Toler never made such an attempt. It was his lack of keeping his supervising officer informed, not his lack of a residence, which constituted Toler's violation.

{¶ 8} Toler also had a duty to meet periodically with his supervising officer. His status as an indigent should not have affected these mandatory periodic meetings. Toler failed even to attempt to reach his supervising officer to check in and apprise him of the situation. Toler could have contacted his supervising officer, explained his situation, and made travel arrangements. None of this was ever done.

{¶ 9} Toler relies solely on the argument that his community-control violations were based upon his status as an indigent. However, as discussed above, this is not the case. This is not a situation where a purely economic sanction is being enforced by revocation of community control against one who cannot pay it. Instead, this case involves the violation of multiple community-control conditions, several of which were not related to the offender's financial status. We find nothing in the evidence or Toler's arguments to support the contention that the trial court's rulings were unreasonable, arbitrary or unconscionable.

{¶ 10} Accordingly, because the court could have properly found community-control violations based solely upon either of the first two infractions, we need not address the propriety of the court's decision regarding Toler's failure to meet his financial obligations. Therefore, we affirm the judgment of the trial court.

{¶ 11} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

Judgment affirmed.

THOMAS F. BRYANT, P.J., and SHAW, J., concur.