OPINION
{¶ 1} Defendant-Appellant Kevin Self appeals from the trial court's February 3, 2004 decision ordering him to serve 30 days in jail for the non-payment of fines and court costs totaling $253.00. He is also asserting that the trial court failed to follow R.C. § 2947.14 when it ordered him to serve a term of imprisonment for non-payment of a fine.
 {¶ 2} On January 4, 2002 Self was convicted of driving under suspension and failure to stop at a red light. The trial court ordered Self to obtain a valid license and scheduled sentencing for 45 days later. When Self failed to obtain a valid license, the court continued sentencing for another 45 days in order to enable Self to do so. Self indicated that he was employed at that time. At sentencing, Self still had not obtained a license. For the driving under suspension conviction, the trial court ordered a suspended sentence of thirty days and ordered Self to pay $100 fine and court costs. For the red light violation, the court ordered a fine of $10 plus court costs. Self signed an agreement to pay the fines and costs by May 22, 2002.
 {¶ 3} On June 7, 2002 the court issued an order and entry finding that Self had failed to comply with the payment agreement. The court ordered Self to pay the total amount of $233.00 by June 27th or to appear for community service work the following day. After Self failed to pay the fine or to appear for community service, the court issued a warrant for his arrest on July 3, 2002.
 {¶ 4} Self was arrested and appeared before the court on October 8, 2002. He stated that he had just started a job and that he could pay the fines by the following Friday. The court advised Self that if he did not pay, he would have to appear on October 15th. Self did not pay, but he did appear on October 15th and signed two more payment agreements promising to pay by October 29th. Self provided the court with his work telephone number. Self was advised that his failure to pay in full could result in the imposition of his previously suspended sentence.
 {¶ 5} Upon Self's failure to pay by October 29th, the court issued a warrant for his arrest and setting bond at $243 cash, being the total amount of fines and costs that he then owed. Self was arrested on March 23, 2003 and released. He was summoned to appear before the court on March 27th. On that date, although Self was employed, the trial court ordered Self to perform community service rather than pay the fine and court costs. The court warned Self that if he failed to comply, his suspended sentence could be imposed.
 {¶ 6} Self failed to perform the community service as ordered. Therefore, on May 23, 2003, the court ordered him to appear on May 29th to show cause as to why he should not be held in contempt of court. Self did not appear, and the following week the court issued a warrant for his arrest.
 {¶ 7} On February 2, 2004 Self was arrested, and he appeared before the court the court the following day. The court confirmed Self's employment and his failure to comply with any of the previous court orders. Self claimed that he had performed three days of community service, but the court had no evidence of that. The court ordered Self to serve the previously suspended thirty-day sentence, but he suspended the fines and costs.
 {¶ 8} Self's first assignment of error:
 {¶ 9} "The trial court erred by sentencing appellant to Thirty days in jail for the non-payment of combined fines and court costs Totaling $253.00."
 {¶ 10} Self's second assignment of error:
 {¶ 11} "The court erred by failing to follow R.C. 2947.14 when it ordered appellant to serve a term of incarceration for non-payment of a fine."
 {¶ 12} Absent an abuse of discretion, an appellate court must affirm a trial court's decision to impose a previously suspended sentence upon a defendant. State v. Toler, 154 Ohio App.3d 590, 2003-Ohio-5129, ¶ 1, citing State v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144. In this case we cannot conclude that the trial court abused its discretion.
 {¶ 13} Despite the fact that Self admitted to numerous violations of his community control sanctions, Self insists that the trial court sentenced him for failure to pay combined fines and court costs and that such sentence was in error. However, a review of the record reveals that the court ordered Self to serve the previously suspended sentence not for failure to pay, but for failure to comply with community control sanctions by choosing to ignore court orders, including the court's order to perform court-ordered community service.
 {¶ 14} Ohio law gives trial courts the authority to order a defendant to perform community service as a condition of community control sanctions. R.C. §§ 2929.25(A)(1) and 2929.27(A)(3). Furthermore, the court may order community service upon a defendant's failure to pay costs and fines. R.C. §§ 2929.28 and 2947.23.
 {¶ 15} The trial court reviewed a long case history, covering a two-year period, and the file illustrated that Self violated nearly every condition of his community control sanctions. Not only did Self fail to pay any part of his fines or court costs, despite his acknowledged employment, but he failed to appear in court numerous times, requiring the court to issue several bench warrants for his arrest. Self also failed to ever make any attempt to obtain a valid driver's license. Moreover, he failed twice to report for community service that was ordered in lieu of the fines and costs. In fact, the record clearly reflects an abject failure on Self's part to do anything that the court had ordered him to do.
 {¶ 16} In a case such as this, where a defendant chooses not to comply with any of the conditions of his community control sanctions, the trial court has the authority to reinstate the previously suspended sentence. R.C. § 2929.25. Moreover, pursuant to R.C. §§ 2705.02(A) 2705.05(A), the trial court had the authority to sentence Self to thirty days in jail for contempt. Self's first assignment of error is overruled.
 {¶ 17} Furthermore, because the trial court did not order Self's incarceration for non-payment, but for repeated contempt of court and violation of community control sanctions, R.C. § 2947.14 is inapplicable. Accordingly, Self's second assignment of error is without merit and is overruled.
 {¶ 18} Having overruled both of Self's assignments of error, the judgment of the trial court is affirmed.
Brogan, P.J. and Grady, J., concur.