OPINION
{¶ 1} Defendant-appellant, Cleola Jones, appeals from a Mahoning County Common Pleas Court judgment sentencing her to three years in prison after she violated the terms of her judicial release and community control.
 {¶ 2} A Mahoning County grand jury indicted appellant on one count of abduction, a third-degree felony in violation of R.C. 2905.02(A)(2)(B), and an accompanying firearm specification. Appellant entered into a Crim. R. 11 plea agreement with plaintiff-appellee, the State of Ohio. Pursuant to the plea agreement, the state dismissed the firearm specification and appellant entered a guilty plea to the abduction count.
 {¶ 3} The trial court convicted appellant of abduction. On July 14, 2005, the court sentenced appellant to three years in prison.
 {¶ 4} In January 2006, appellant filed a motion for judicial release. The trial court granted appellant's motion at an April 2006 hearing. It modified appellant's sentence and imposed three years of community control, which included the conditions of successful completion of a substance abuse program and random drug testing. The court also informed appellant that violation of the terms of her judicial release could lead to the reimposition of her prison sentence.
 {¶ 5} In June 2007, the state filed a motion to revoke appellant's judicial release. The trial court held a hearing on the motion. Appellant waived her probable cause determination and stipulated to probable cause. She admitted that she tested positive for crack cocaine on three occasions and for marijuana on one occasion, which were violations of her judicial release.
 {¶ 6} The trial court then moved on to sentencing. The state recommended a one-year prison sentence. But the trial court reimposed appellant's three-year sentence.
 {¶ 7} This court granted appellant leave to file a delayed appeal.
 {¶ 8} Appellant raises a single assignment of error, which states:
 {¶ 9} "THE TRIAL COURT ERRED WHEN IT REJECTED THE STATE'S RECOMMENDED SENTENCE." *Page 2 
 {¶ 10} Appellant argues that her sentence is not supported by the record. She points out that the record reflected that she worked at General Motors for 19 years before retiring on disability, that she is bipolar and requires medication to control her disorder, and that she suffers from a drug addiction, which resulted in the abduction charge in this case. She further points out that she explained her relapse to the court and detailed the positive steps she has taken towards staying sober. Finally, appellant notes that the state, after discussing the matter with her probation officer, recommended a one-year sentence.
 {¶ 11} Appellant argues that the trial court's statements at sentencing indicate that whenever a defendant violates a condition of judicial release, it will simply re-impose the original sentence. She contends that this approach to sentencing is inconsistent with the court's authority to reduce a prison sentence and is inconsistent with the general purposes and principles of sentencing contained in R.C. 2929.11 and R.C. 2929.12. Accordingly, appellant asks that we reverse her sentence and modify it to a one-year sentence.
 {¶ 12} In sentencing appellant, the trial court stated:
 {¶ 13} "The State has made a recommendation to this Court of imposing a one-year prison term upon the Defendant, and the Defendant and her counsel asks this Court to adopt that recommendation. However, the Court knows that the Defendant is out on judicial release, having previously been sentenced to three years in the Department of Rehabilitations 
Corrections.
 {¶ 14} "Since the Defendant's out on judicial release, this Court has no reason to show much leniency toward the Defendant. She was informed when placed on judicial release she must obey all rules and regulations and not to violate any type of laws or regulations. Therefore, the Court's going to reimpose the original sentence of three years to the Department of Rehabilitations Corrections." (Tr. 6-7).
 {¶ 15} As appellee points out, courts are not bound by the state's recommendation in sentencing, even when the recommended sentence induces the defendant to plead guilty to an offense. State v. Martinez, 7th Dist. No. 03-MA-196, *Page 3 2004-Ohio-6806, ¶ 8, citing State v. Buchanan, 154 Ohio App.3d 250, 253,2002-Ohio-4772, State v. Mayle, 11th Dist. No. 2002-A-0110,2004-Ohio-2203, State v. Tucci, 7th Dist. No. 01CA234, 2002-Ohio-6903. Thus, the fact that the state recommended a one-year sentence in this case by no means obligated the trial court to impose this sentence.
 {¶ 16} Furthermore, the trial court reimposed a sentence that was within the statutory range for appellant's third-degree felony abduction conviction. The possible sentences for a third-degree felony are one, two, three, four, or five years. R.C. 2929.14(A)(3). In this case, the court sentenced appellant to three years.
 {¶ 17} Moreover, when the trial court granted appellant judicial release, it specifically informed her that if she violated the terms of her release, she faced the possibility of having her three-year sentence reimposed. This was in accordance with R.C. 2929.20(I), which provides that a trial court that grants a defendant judicial release "shall reserve the right to reimpose the sentence that it reduced pursuant to the judicial release if the offender violates the sanction." As this court noted in a case involving the reimposition of the original sentence after the appellant violated shock probation, "[a]ppellant's sentence had merely been suspended until the occurrence of successful completion of the probation or violation of the terms of release."State v. Kogelnik, 7th Dist. No. 01-CA-45, 2002-Ohio-3000, at ¶ 12. In this case, appellant violated the terms of her release.
 {¶ 18} Finally, the trial court was not required to state that it considered the purposes and principles of sentencing and the seriousness and recidivism factors pursuant to R.C. 2929.11 and R.C. 2929.12. "[I]f the conditions of the judicial release are violated, R.C. 2929.20(I) clearly provides that the trial court may reimpose the conditionally reduced sentence without making the findings that are required when a felony sentence is originally imposed." State v. Mann, 3d Dist. No. 3-03-42, 2004-Ohio-4703, at ¶ 16.
 {¶ 19} For all of these reasons, the trial court did not err in reimposing appellant's three-year sentence. *Page 4 
 {¶ 20} Accordingly, appellant's sole assignment of error is without merit.
 {¶ 21} For the reasons stated above, the trial court's judgment is hereby affirmed.
Vukovich, J., concurs.
 Waite, J., concurs. *Page 1