[Cite as *State v. Bowsher*, 2009-Ohio-6524.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 14-07-32

    v.

JAMES ENOCH BOWSHER,             **O P I N I O N**

    DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court
Trial Court No. 06-CR-0171

Judgment Reversed and Cause Remanded

Date of Decision:    December 14, 2009

APPEARANCES:

    *Alison Boggs*  for Appellant

    *Terry L. Hord*  for Appellee

Case No. 14-07-32

**WILLAMOSWKI, J.**

{¶1} This appeal is brought by defendant-appellant James E. Bowsher ("Bowsher") from the judgment of the Court of Common Pleas of Union County revoking his community control and sentencing him to six years in prison. Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5).

{¶2} On February 2, 2007, Bowsher pled guilty to twelve counts of non-support of dependants, all felonies of the fifth degree. He was placed on community control on March 7, 2007. On July 19, 2007, a notice of alleged violations of community control sanctions was filed. Specifically, the notice claimed that Bowsher "failed to make [his] monthly child support payments as ordered * * * [and] failed to complete a minimum of 20 hours per month community service." July 19, 2007, Notice. A hearing was held on July 31, 2007. At the hearing, the following discussion was had.

> **The Court: * * * This matter comes on for hearing on alleged probation violation or community control violations. And, Mr. Parsons, does your client admit or deny those?**
>
> **Mr. Parsons: Your Honor, he admits.**
>
> **The Court: Recommendation of the State?**
>
> **Mr. Hord: Your Honor, we would ask the court to impose the balance of the sentence. I believe he was out – let me look here. He was community control (sic) and he has failed to abide by**

**those terms. And as a result, the court, I believe, advised him if he violated, he would have 144 months.**

**The Court: Wait a minute. Mr. Parsons.**

**Mr. Parsons: Your Honor, Mr. Bowsher has told me that he was staying in Ashley and he, unfortunately, does not have a drivers license. I believe his license are (sic) under suspension until 2012. The person he was relying on for transportation did not pan out and he was therefore unable to drive back to Marysville to do his community service. He has been looking for work. He's been dealing with Custom Staffing trying to find a job through them that he would be able to get to given his lack of transportation, but has not been successful up to this point. He understands he has to pay his child support, your Honor, and he's been attempting to find a job to do that. He just hasn't been successful.**

**The Court: Does he have any prior jail time credit?**

**Mr. Parsons: I don't believe he has any prior. I believe he's been – he was arrested on the 17th, which if my math is right, would be 15 days.**

**Mr. Hord: Prior – prior to this case – at the initial case he had two days credit.**

**The Court: Okay. So he has for a total of 17 days credit?**

**Mr. Hord: Correct.**

**Mr. Dykstra: I have him arrested on the 16th.**

**Mr. Parsons: On the 16th?**

**Mr. Hord: I show the 17th. That's – it's the 16th?**

**Mr. Dykstra: That's what I have.**

**The Court: Mr. Bowsher, anything you wish the court to consider in passing on your violation?**

**Defendant: Just that I've been trying to get everything done that I need to do.**

**The Court: Uh-huh. The court has considered the record, the statement of the Prosecutor, the statement of defense counsel, has given the defendant the opportunity to speak in mitigation. The court's considered the presentence report in this matter. And the court finds that the shortest prison term would demean the seriousness of the offender's conduct and would not adequately protect the public from future crimes by the offender or others. I've considered the principles of sent – and purposes of sentencing. And I've balanced the seriousness and recidivism factors under Revised Code. Defendant's ordered confined to the Correctional Reception Center in Orient, Ohio, for a term of 144 months on a total of 12 counts of non-support of dependents in violation of Revised Code Section 2919.21 B, all fifth degree felonies. And each felony to be served consecutive to the others.**

Tr. 3-5. The trial court then entered a journal entry finding that Bowsher had violated community control by failing to make his monthly child support payments and by failing to complete a minimum of 20 hours of community service per month.

{¶3} Before this court addresses the assignment of error, it sua sponte raises a concern that at no time during the hearing did the trial court make a finding that Bowsher had violated the terms of his community control. The trial court listened to the presentation by the attorneys, gave Bowsher the opportunity to speak in mitigation, and proceeded to immediately sentence Bowsher. The first finding by the court that a violation occurred was in the journal entry. A

defendant has the right to be present at every stage of a trial, including the verdict and imposition of sentence. Crim.R. 43. Any modification of community control, including the imposition of a prison term for violating the terms of community control must be done in the physical presence of the defendant.[1] See *Cleveland v. Clemons* (1993), 90 Ohio App.3d 212, 628 N.E.2d 141. As a matter of common sense, a finding of guilt must precede the sentence. Here, that did not occur. Thus, the trial court erred in imposing a sentence without first making a finding that Bowsher violated the terms of his community control.

{¶4} Bowsher raises the following assignment of error in his appeal.

**The trial court erred when it failed to determine whether [Bowsher] willfully failed to violate the terms of his community control by not conducting a hearing to determine if he had an ability to pay his child support and to determine if his inability to pay his child support and to determine if his inability to perform portions of his community service before revoking his community control.**

{¶5} A similar situation arose in *State v. Richardson*, 2d Dist. No. 21113, 2006-Ohio-4015. In *Richardson*, the defendant was convicted on eight counts of nonsupport of his dependents. The defendant was placed on community control, but failed to make his child support payments as ordered. The defendant claimed

---

[1] While the dissent attempts to distinguish between revocation and modification of community control, *Cleveland v. Clemons* still applies. A modification which imposes a prison term for violating the terms of community control is a type of revocation. Following the logic of the dissent would require a defendant be present for a mere change in the terms of community control, but not require the same due process protection before having the community control revoked and being sentenced to prison for a violation.

he was unable to find employment and thus unable to make his child support payments. The trial court failed to inquire further as to the reasons for the failure to pay. The appellate court reversed the judgment and required the trial court to inquire into the reasons behind the defendant's failure to pay his child support.

> **[A] trial court may not properly revoke a defendant's probation for failure to pay a fine or make restitution absent evidence and findings that defendant was somehow responsible for the failure or that alternative forms of punishment were inadequate to meet the state's interest in punishment and deterrence.** ***Bearden v. Georgia*** **(1983), 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221. In other words, a defendant's probation cannot automatically be revoked and Defendant imprisoned solely because he has failed to pay a fine or make restitution. The court must first inquire into the reasons for the failure to pay. Id. In** ***Bearden v. Georgia,*** **supra, the Supreme Court held:**

> **"We hold, therefore, that in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment. Only if alternate measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment." Id. at 672-673.**

*Richardson*, supra, ¶25-26. *Richardson* went on to hold that when, unlike other cases when the defendant does not make a claim of inability to pay, a defendant provides some testimony of inability to pay, the trial court must make an inquiry into the facts surrounding the failure to pay the child support. Id. at 31-32. The case was remanded for further findings despite the fact that another violation of community control sanctions had occurred. Id.

{¶6} Here, Bowsher admitted to the violation of community control by admitting that he had failed to pay his child support or complete his community control. However, the violation to which he admitted stated that Bowsher "failed to make [his] monthly child support payment as ordered." The violation does not state that the violations were willful, thus Bowsher did not admit to a willful violation. At the hearing, Bowsher informed the court that his failure to pay the support was due to a lack of ability to do so. The trial court made no inquiry despite having the lack of ability to pay the support being brought to its attention.[2] Instead, the trial court proceeded to immediately sentence Bowsher to prison. The failure to make an inquiry into the defendant's ability to pay is an abuse of

---

[2] Although the trial court could have sentenced Bowsher to the same sentence for merely failing to complete his community service as ordered, the record is lacking any evidence that it would have done so. The trial court clearly considered the failure to pay the child support as a basis for imposing the sentence it chose, which it was not permitted to do without further inquiry.

discretion.[3] Therefore, the assignment of error is sustained and the matter is remanded for further hearing in accordance with *Bearden* and *Richardson*.

{¶7} The judgment of the Court of Common Pleas of Union County is reversed and the cause is remanded.

*Judgment Reversed and*
*Cause Remanded*

**/jlr**

**ROGERS, J., concurring separately.**

{¶8} Although I agree with the majority's disposition reversing the decision of the trial court and remanding the matter, I would do so on a different basis.

{¶9} In March 2007, the trial court convicted Bowsher of twelve counts of non-support of dependents and imposed a lump three-year term of community control. Additionally, the nunc pro tunc journal entry reflects that Bowsher was notified that "in the event the Court does impose a prison sentence on the offender if he/she violates community control, the Defendant will receive a total maximum prison term of 144 months." (Mar. 2007 Journal Entry of Sentence, p. 2).

---

[3] The dissent relies on this court's prior opinion in *State v. Toler*, 154 Ohio App.3d 590, 2003-Ohio-5129, 798 N.E.2d 64. In *Toler*, this court did not discuss whether the issue of inability to pay or perform was raised at the trial court level, as it was here. This court then proceeded to completely ignore the allegation that part of his sentence was based on failure to pay a financial sanction. If the issue is raised at the trial court level, the trial court must deal with it. Failure to do so is an error pursuant to *Bearden*.

{¶10} In July 2007, the trial court found that Bowsher had violated the terms of his community control by failing to make his monthly child support payments and failing to complete his community service obligations. The trial court proceeded to sentence Bowsher to a twelve-month prison term on each of the twelve counts of nonsupport, with the first six counts to be served consecutively to each other, and the last six counts to be served concurrently with the first six counts.

{¶11} Based on these facts, I would find that the trial court committed plain error in sentencing Bowsher to twelve prison terms for violating his community control, when it initially imposed only one term of community control at his original sentencing and that plain error also occurred because the trial court did not advise Bowsher at his original sentencing of specific prison terms it would impose on each count if he violated his community control. I would raise these issues sua sponte and would consider them under the standard of plain error.

{¶12} In order to find plain error under Crim.R. 52(B), there must be an error, the error must be an "obvious" defect in the trial proceedings, and the error must have affected "substantial rights." *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68. Plain error is to be used "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. Plain error exists only in the event that it can be said that "but for the error, the

outcome of the trial would clearly have been otherwise." *State v. Biros*, 78 Ohio St.3d 426, 431, 1997-Ohio-204; see, also, *State v. Johnson*, 3d Dist. No. 2-98-39, 1999-Ohio-825. This Court has previously determined that plain error occurs when a trial court fails to provide proper notice to a defendant of a specific prison term it will impose in the event of a community control violation, and then imposes a prison term upon the defendant when he violates his community control. *State v. Moore*, 3d Dist. Nos. 5-07-18, 5-07-20, 5-07-21, 2008-Ohio-1152.

{¶13} In *State v. Goldsberry*, 3d Dist. No. 14-07-06, 2007-Ohio-5493 (*Goldsberry I*) and *State v. South*, 3d Dist. No. 14-07-40, 2008-Ohio-1143 (*South I*), this Court considered, sua sponte, whether a trial court's journal entry of sentence that imposed a lump community control sentence for a multiple count conviction constituted a final appealable order. Consistent with the previous decisions of this Court, as well as several other courts of appeal, we determined there was no final appealable order in either case because the trial court's journal entries of sentence failed to separately dispose of each of the multiple counts for which the defendants were convicted. See *South I*; *Goldsberry I*; *State v. Moore*, 3d Dist. No. 14-06-53, 2007-Ohio-4941; *State v. Sanchez*, 2d Dist. No. 2006-CA-154, 2009-Ohio-813; *State v. Phillis*, 4th Dist. No. 06CA75, 2007-Ohio-6893; *State v. Waters*, 8th Dist. No. 85691, 2005-Ohio-5137; *State v. Cooper*, 8th Dist.

No. 84716, 2005-Ohio-754; *State v. Hicks*, 8th Dist. No. 84418, 2004-Ohio-6113; *State v. Goodwin*, 9th Dist. No. 23337, 2007-Ohio-2343; *State v. Hoelscher*, 9th Dist. No. 05CA0085-M, 2006-Ohio-3531; *State v. Garner*, 11th Dist. No. 2002-T-0025, 2003-Ohio-5222 (holding that "[n]owhere in R.C. 2929.15, which governs community control sanctions, does it state that if a court chooses to sentence a person to something other than a prison term the court may only impose a single term, regardless of the number of charges"). However, the Supreme Court of Ohio reversed our decisions, without opinions, and remanded the matters for us to rule on the merits. See *State v. South*, 120 Ohio St.3d 358, 2008-Ohio-6693 (*South II*); *State v. Goldsberry*, 120 Ohio St.3d 275, 2008-Ohio-6103 (*Goldsberry II*).

{¶14} I reiterate the reasoning behind this Court's finding in *Goldsberry I* and *South I* that a trial court must separately dispose of each count of a conviction, as expressed in *State v. Goldsberry*, 3d Dist. No. 14-07-06, 2009-Ohio-6026 (*Goldsberry III*), (Rogers, J., dissenting). In summary, I believe that, pursuant to the prior decisions of this Court, as well as other courts of appeal, the language of the applicable statutes, and the principles of Ohio's felony-sentencing scheme, pronounced by the Ohio Supreme Court, trial courts must separately dispose of each count of which a defendant is convicted, including setting forth specific terms of community control on each count. See Id. Additionally, I reiterate my belief that R.C. 2929.19(B) requires a trial court to advise an offender of a specific

prison term that will be imposed on each individual count if the offender violates the terms of his community control, given the Supreme Court of Ohio's emphasis on specificity as set forth in *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746. See *Goldsberry III*, 2009-Ohio-6026, at ¶¶31-34 (Rogers, J., dissenting). Here, I would find that the trial court failed to properly advise Bowsher at his original March 2007 sentencing of specific prison terms that it would impose on each count if he violated the terms of his community control. Additionally, I would find this to be plain error because the trial court failed to provide Bowsher with proper notice of specific prison terms for each count, but proceeded to impose prison terms upon his violation of community control. See *Moore*, supra.

{¶15} I would further find that plain error was present because Bowsher was convicted of twelve counts, but received only one term of community control. As the trial court was required to sentence him on each count separately, but sentenced him to only one term of community control, the maximum sentence that could be imposed was twelve months, not twelve times twelve. See *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶9 ("Under the Ohio sentencing statues, the judge lacks authority to consider the offenses as a group and to impose only an omnibus sentence for the group of offenses"). Thus, the trial court deviated from the legal rule that a trial court must impose a sentence on each count separately, the deviation is an obvious defect, and the imposition of twelve prison

terms where the defendant is sentenced on only one count affects a substantial right. See, also, *Goldsberry III*, 2009-Ohio-6026, at ¶36 (Rogers, J., dissenting). Consequently, I would reverse and remand the matter for resentencing on these bases, with a prison term not an option. See *Brooks*, 103 Ohio St.3d 134, at ¶33; *Moore*, 2008-Ohio-1152, at ¶11.

**PRESTON, P.J., dissents.**

{¶16} I respectfully dissent from the majority decision to reverse this case based on the trial court's failure to inquire about defendant's ability to pay his child support. I also disagree with the majority decision to raise *sua sponte* the issue regarding the trial court's failure to orally find a violation of community control had occurred before sentencing the defendant.

{¶17} As to the second issue, I believe that it is unnecessary to *sua sponte* raise the issue regarding the trial court's failure to make a finding that a violation of community control had occurred. Bowsher openly admitted to the community control violations alleged against him, and as a result, the trial court proceeded to sentence him accordingly. There was no reason for the trial court to orally make a finding that a violation occurred when he had admitted to such violations. In addition, by continuing the hearing on the issue of disposition and making remarks

as to the sentence, the trial court necessarily indicated that it had found community control violations even though it did not make a specific finding. *State v. Seely* (Jan. 17, 2002), 5th Dist. No. 01-CA-A-03-010, at \*1; *State v. Dye* (Mar. 6, 1997), 5th Dist. Nos. 95-CA-80, 95-CA-81, 95-CA-82, at \*2. Regardless, it is well-settled in Ohio that a trial court speaks only through its journal entries and not by oral pronouncement. *State v. King* (1994), 70 Ohio St.3d 158, 162, 637 N.E.2d 903. And here, the trial court made such a finding in its judgment entry. (July 31, 2007 JE).

{¶18} Moreover, while I agree with the statements of law the majority makes in regard to a defendant's right to be present at every stage of the proceedings and whenever there is a modification of community control, I do not believe those statements pertain to this situation. First of all, Bowsher was present at the community control violation hearing and admitted to violating the terms of his community control. Second, no modification to his community control occurred at this hearing, rather his community control was revoked. I believe revocations of community control and modifications to community control are significantly different and what took place here was a revocation, not a modification. Thus, I find the statements of law the majority cites for support of its position not dispositive.

{¶19} Even if the trial court's failure to make an oral finding that a violation of community control had occurred was error, I believe that Bowsher has waived the issue for purposes of this appeal. See *Dye*, 5th Dist. Nos. 95-CA-80, 95-CA-81, 95-CA-82, at *2 (finding that the defendant had waived any error with respect to a trial court's failure to make an express finding of guilt, but still proceeding to sentencing). Errors not specifically raised and argued in the parties' briefs are considered waived for purposes of appeal. App.R. 12(A). A court of appeals may consider those errors it discovers in the record, but which have not been raised by the parties, but only to prevent a miscarriage of justice. See *State v. Malone*, 3d Dist. No. 9-06-43, 2007-Ohio-5484, ¶33. Here, because of Bowsher's admissions in open court to the alleged community control violations and the trial court's sentencing judgment entry, I believe that justice does not require us to raise the issue of the trial court's failure to make an oral finding that a community control violation had occurred. Therefore, I disagree with the majority decision to *sue sponte* raise the issue.

{¶20} I also disagree with the majority decision to reverse this case based on the trial court's failure to inquire about defendant's ability to pay his child support. I believe that the discussion of this issue is unnecessary because the trial court had another legitimate basis for revoking Bowsher's community control. Here, Bowsher admitted to and the trial court found that he had violated two

conditions of his community control: (1) failure to pay his monthly child support and (2) failure to complete a minimum of 20 hours of community service per month. (July 31, 2007 JE); (July 31, 2007 Tr. at 3). Despite any error that the majority claims occurred, there was still a legitimate basis for revoking Bowsher's community control – the failure to complete a minimum of 20 hours of community service per month. Thus, it is unnecessary to address the propriety of the trial court's decision regarding Bowsher's failure to pay his child support. *State v. Toler*, 3d Dist. No. 14-03-17, 154 Ohio App.3d 590, 2003-Ohio-5129, 798 N.E.2d 64, ¶¶7-10 (finding that because the trial court could have properly found community control violations on two other conditions, there was no need to discuss the propriety of the trial court's decision regarding defendant's failure to meet his financial obligations).

{¶21} Therefore, based on the above, I disagree with the majority opinion and would affirm the trial court's decision.

**/jlr**