[Cite as *State v. Davis*, 2016-Ohio-1224.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 103175

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## NASTASSIA P. DAVIS

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-574802-B

**BEFORE:** Keough, P.J., Kilbane, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 24, 2016

**ATTORNEY FOR APPELLANT**

Brian A. Smith
755 White Pond Drive, Suite 403
Akron, Ohio 44320


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Frank Romeo Zeleznikar
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Defendant-appellant, Nastassia Davis, appeals from the trial court's decision to impose the balance of Davis's original prison term following a violation of and termination from community control sanctions. For the reasons that follow, we affirm.

{¶2} In 2013, Davis was charged with two counts of aggravated robbery and felonious assault, with all counts containing both one- and three-year firearm specifications. Davis subsequently entered into an agreement with the state to plead guilty to an amended charge of attempted aggravated robbery in exchange for her testimony against her codefendant. The trial court imposed a three-year prison sentence.

{¶3} In March 2015, the trial court granted Davis's motion for judicial release, and she was placed on community control sanctions. However, on May 14, 2015, Davis appeared before the trial court for a community control violation hearing. Following a hearing, the trial court found Davis in violation of her community control sanctions. Rather than reimposing the prison sentence, the trial court continued Davis's community control sanctions with modified conditions. However, approximately ten days later, Davis was once again before the trial court for a violation of her community control sanctions. The trial court again found Davis in violation, but this time terminated her from community control and imposed the remaining 15-month balance of Davis's original prison sentence.

{¶4} Davis now appeals, raising as her sole assignment of error, that "the record does not support the imposition of the remaining fifteen-month prison sentence" because (1) the record contains extensive discussion of her efforts and attempts to cooperate with her treatment programs, (2) she demonstrated a willingness to complete the programs, (3) she was not aware of other medication and treatment options that would have allowed her to comply with the conditions at the community-based correctional facility, and (4) the trial court did not engage in any discussion of the statutory factors enumerated in R.C. 2929.11 and 2929.12 prior to reimposing the prison sentence. We find no merit to any of her arguments.

{¶5} R.C. 2929.20 governs the revocation of judicial release. Specifically, subsection (K) provides, in relevant part,

> If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction. If the court reimposes the reduced sentence, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense.

{¶6} A reimposition of Davis's sentence pursuant to R.C. 2929.20(K) is not a new sentence; therefore, the trial court is not required to engage in an analysis of the factors set forth in R.C. 2929.11 and 2929.12 prior to reimposing the original sentence. "'[I]f the conditions of the judicial release are violated, R.C. 2929.20[K] clearly provides that the trial court may reimpose the conditionally reduced sentence without making the

findings that are required when a felony sentence is originally imposed.'" *State v. Jones*, 7th Dist. Mahoning No. 07-MA-155, 2008-Ohio-6204, ¶ 18, quoting *State v. Mann*, 3d Dist. Crawford No. 3-03-42, 2004-Ohio-4703, ¶ 16.

{¶7} Additionally, Davis may have had good intentions in completing and cooperating with the terms and conditions of community control, but based on the record before this court, the trial court specifically found Davis in violation of her community control sanctions on May 14, 2015 for failing to take her medication. The trial court allowed Davis another opportunity to abide by her community control sanctions, but approximately ten days later, Davis was back before the court for another violation hearing for failing to cooperate with the programs at the community-based correctional facility. The court specifically noted that based on Davis's behavior and disruption, she was terminated from the program, and the facility refused to accept Davis. Therefore, the trial court did not abuse its discretion in finding Davis in violation of the terms and conditions of her community control sanctions and for terminating her from community control.

{¶8} Accordingly, the record supports the trial court's decision to reimpose Davis's remaining prison sentence. The assignment of error is overruled.

{¶9} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
SEAN C. GALLAGHER, J., CONCUR