[Cite as *State v. Woody*, 2021-Ohio-3861.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                              Court of Appeals No. OT-21-007

　　　　Appellee                                      Trial Court No. 04 CR 142

v.

Brian Woody                                          **DECISION AND JUDGMENT**

　　　　Appellant                                    Decided:  October 29, 2021

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Daivia S. Kasper, Assistant Prosecuting Attorney, for appellee.

W. Alex Smith, for appellant.

* * * * *

**ZMUDA, P.J.**

### I.  Introduction

**{¶ 1}** This matter is before the court on appeal of the decision of the Ottawa

County Court of Common Pleas, revoking community control for judicial release and

reimposing sentence, with credit for time served.  For the reasons that follow, we affirm.

## II. Background and Procedural History

{¶ 2} On June 21, 2004, around 11:45 p.m., appellant was driving west on State Route 2 in Ottawa County when he crossed the center line and collided with an eastbound semi-trailer truck. The collision sent the semi into westbound traffic where it glanced off a Corolla and struck a Cadillac Escalade head-on. Both appellant and the Escalade were headed home from Cedar Point. The crash killed two adults and four children in the Escalade. The Escalade's seventh passenger, a 13-year old girl, sustained significant and debilitating injuries. First responders noted the odor of alcohol on appellant, and he admitted to consuming at least two beers earlier in the day.[1]

{¶ 3} On October 22, 2004, the Ottawa County grand jury indicted appellant on 15 counts as follows: Counts 1 through 6, aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a), Counts 7 through 12, aggravated vehicular homicide in violation of R.C. 2903.06(A)(2), Counts 13 through 14, aggravated vehicle assault in violation of R.C. 2903.08(A)(1)(a), and Count 15, failure to stop after an accident involving the death of a person in violation of R.C. 2923.02(A). After plea negotiations, appellant entered pleas of no contest to Counts 7 through 12 and Count 14, and the state dismissed the remaining counts.

---

[1] Based on statements at his sentencing hearing on March 4, 2005, blood tests performed two hours after the crash indicated alcohol, within legal limits by the time of testing, along with THC and valium/Diazepam, and another motorist noticed appellant weaving just before the crash.

2.

{¶ 4} On March 4, 2005, the trial court imposed a three-year sentence as to each aggravated vehicular homicide count, and a one-year sentence on the aggravated vehicular assault count. The trial court ordered each sentence to be served consecutively, for an aggregate prison term of 19 years.[2] The trial court informed appellant that it would consider judicial release after he served five years of his 19-year term. Appellant's trial counsel challenged the trial court's belief regarding appellant's eligibility for judicial release, believing R.C. 2929.20(A) barred judicial release after five years for a sentence exceeding ten years.[3]

{¶ 5} Appellant raised this same issue in his direct appeal and we found that appellant would not be eligible for judicial release after five years. *See State v. Woody,* 6th Dist. Ottawa No. OT-05-012, 2006-Ohio-1624, ¶ 10. We found any error harmless, however, based on appellant's own belief that he would not be eligible after five years. We otherwise reversed and remanded for resentencing pursuant to *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

---

[2] In imposing sentence, the trial court acknowledged the lack of any prior, felony convictions, but did note appellant's lengthy history of traffic-related offenses and his pattern of drug and alcohol abuse.

[3] At the time of appellant's initial sentencing, R.C. 2929.20 required an offender to serve at least half of a prison term exceeding ten years prior to filing a motion for judicial release.

3.

**{¶ 6}** After resentencing, appellant again appealed his 19-year aggregate term, arguing the record did not support non-minimum, consecutive sentences under R.C. 2929.11 and 2929.12. In affirming, we found the trial court complied with R.C. 2929.11 and 2929.12 in imposing sentence. *See State v. Woody,* 6th Dist. Ottawa No. OT-06-015, 2007-Ohio-2955, ¶ 13-14.

**{¶ 7}** In February 2016, the trial court granted appellant judicial release and placed him on community control for five years. The trial court imposed conditions, including the general conditions of community control[4] that prohibited leaving the state without written permission or possessing or consuming alcohol or illicit drugs, and mandated random screening for alcohol or drugs and prompt attendance at all meetings with his probation officer. The trial court imposed additional, special conditions, including completion of "any and all mental health and substance abuse assessments and [completion of] any treatment as recommended," 100 hours of community service, monitoring by SCRAM as deemed appropriate, and participation with any specialized docket program, as recommended. Months after his release, appellant filed a pro se request for limited driving privileges, which the trial court denied.

---

[4] The trial court included the conditions by reference to those conditions "filed of record in Journal Volume 639, pages 484-487[.]"

{¶ 8} In late June 2019, appellant tested positive for cocaine use, and his last contact with his probation officer was a phone call in August 2019.[5] Appellant also received a new charge for OVI and driving without a license during this period. On October 18, 2019, the Ottawa County probation department filed a community control violation complaint with the trial court, alleging a violation based on appellant's failure to report to his supervising probation officer, his use of cocaine on or about June 28, 2019, and his new charges in Sandusky Municipal Court for operating a vehicle while under the influence and driving without a license. That same date, the trial court issued a bench warrant for appellant's arrest.

{¶ 9} In June 2020, appellant entered a plea of no contest to driving without a license in the Sandusky Municipal Court, and his OVI charge was dismissed without prejudice.

{¶ 10} On December 2, 2020, more than a year after he last contacted his probation officer, appellant turned himself in. Through counsel, he requested a hearing on the merits of the community control violation complaint. At the hearing on December 22, 2020, however, appellant waived hearing on the merits and admitted to the alleged violations, stipulating to the state's recitation of facts constituting the violation. At the revocation hearing, the state alleged that appellant ceased all contact with his probation officer for over a year and used cocaine. Additionally, the state alleged that appellant

[5] Appellant was under supervision by Lucas County, where he resided. After appellant ceased contact, Lucas County returned his file to Ottawa County.

5.

was charged with OVI and driving without a license at the time the community control violation was filed, but acknowledged that the OVI charge was eventually dismissed, without prejudice, and appellant entered a no contest plea to driving without a license and was sentenced in June 2020.

{¶ 11} After hearing, the trial court found appellant in violation of the terms of his community control and, after reciting consideration under R.C. 2929.11 and 2929.12, reimposed his previous sentence with credit for the 12 years already served. From this judgment, appellant filed a timely appeal.

### III. Assignment of Error

{¶ 12} Appellant challenges the trial court's consideration of R.C. 2929.11 and 2929.12 in revoking his judicial release and reimposing sentence. In doing so, he raises the following assignment of error:

> I. THE COURT FAILED TO CONSIDER RC 2929.11 AND RC 2929.12 IN REVOKING JUDICAL RELEASE AND IMPOSING THE BALANCE OF HIS PRISON TERM.

### IV. Analysis

{¶ 13} As an initial matter, we note that the trial court proceeded to sentencing as if revoking community control under R.C. 2929.15, with consideration of the sentence under R.C. 2929.11 and 2929.12. Appellant now challenges the trial court's consideration under R.C. 2929.11 and 2929.12, as if the trial court imposed a new sentence. However, appellant appeared for sentencing after violating community control

6.

as a term of his early judicial release under R.C. 2929.20(K), and not for violating an original sentence of community control, under R.C. 2929.15.

{¶ 14} "'[T]he rules dealing with a violation of an original sentence of community control (R.C. 2929.15) should not be confused with the sections of the Revised Code regarding early judicial release (R.C. 2929.20) even though the language of R.C. 2929.20([K]) contains the term 'community control' in reference to the status of an offender when granted early judicial release.'" *State v. Alexander,* 3d Dist. Union No. 14-07-45, 2008-Ohio-1485, ¶ 7, citing *State v. Mann,* 3d Dist. No. 3-03-42, 2004-Ohio-4703, ¶ 6, citing *State v. McConnell,* 143 Ohio App.3d 219, 224-225, 757 N.E.2d 1167 (3d Dist.2001) (additional citation omitted.).

{¶ 15} A community control violation under R.C. 2929.15(B) results in a new sentence, as the previous sentence was community control. Accordingly, a trial court "must comply with the relevant sentencing statutes" in imposing that new sentence. *State v. Hart,* 6th Dist. Lucas No. L-18-1204, 2019-Ohio-3926, ¶ 6, citing *State v. Jackson,* 150 Ohio St.3d 362, 2016-Ohio-8127, ¶ 11, quoting *State v. Fraley,* 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17 (additional citation omitted.); *Alexander* at ¶ 7 (citations omitted.).

{¶ 16} A community control violation under R.C. 2929.20, in contrast, permits a trial court to reimpose the original sentence, reduced by granting judicial release, "as it reserved the right to do so as provided by R.C. 2929.20(K)." *Hart* at ¶ 13. R.C. 2929.20 (K) provides:

7.

If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction. If the court reimposes the reduced sentence, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense. Except as provided in division (R)(2) of this section, the period of community control shall be no longer than five years.

{¶ 17} As R.C. 2029.20(K) permits only *reimposition* of the sentence, a trial court has no discretion to impose a lesser term than the term remaining on the original sentence, and therefore, no reason to consider factors under R.C. 2929.11 and 2929.12 a second time. The trial court considered those factors at the time the sentence was originally imposed. A trial court's decision to grant a motion for judicial release merely suspends that original sentence. *State v. Leahy,* 6th Dist. Fulton No. F-00-011, 2000 WL 1867296, *4 (Dec. 22, 2000). After finding a violation, R.C. 2929.20(K) permits either continuation on community control or reimposition of the reduced sentence, and in choosing to reimpose sentence, "[t]here is no requirement under R.C. 2929.20(K) that the

8.

court make any considerations or findings of fact regarding reimposition of the reduced sentence." *Hart* at ¶ 13.[6]

{¶ 18} Despite appellant framing his appeal as a review of a new sentence, subject to findings under R.C. 2929.11 and 2929.12, we review only the trial court's decision to revoke his community control and reimpose sentence, as provided by R.C. 2929.20(K). "Under Ohio law, it is well-settled that '[a]n appellate court reviews the trial court's decision to revoke community control [under] an abuse-of-discretion standard.'" *State v. Newell,* 6th Dist. Erie No. E-08-067, 2009-Ohio-3810, ¶ 6, quoting *State v. Toler,* 154 Ohio App.3d 590, 798 N.E.2d 64, 2003-Ohio-5129, ¶ 5 (3d Dist.). "An abuse of discretion indicates [that the court's] decision * * * is unreasonable, arbitrary or unconscionable." *Toler* at ¶ 5, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

---

[6] See also *State v. Peoples*, 151 Ohio App.3d 446, 2003-Ohio-151, 784 N.E.2d 713, ¶¶ 22-23 (10th Dist.), citing *State v. Radcliff,* 5th Dist. Delaware No. 02CAA01004, 2002 WL 598507 (Apr. 17, 2002) (not a new sentence, but a reimposition of the original sentence); *State v. Davis,* 8th Dist. Cuyahoga No. 103175, 2016-Ohio-1224, ¶ 6, citing *State v. Jones,* 7th Dist. Mahoning No. 07-MA-155, 2008-Ohio-6204, ¶ 18, quoting *State v. Mann,* 3d Dist. No. 3-03-42, 2004-Ohio-4703, ¶ 16 ("not a new sentence; therefore, the trial court is not required to engage in an analysis of the factors set forth in R.C. 2929.11 and 2929.12 prior to reimposing the original sentence."); *State v. Filous,* 4th Dist. Athens No. 16CA16, 2017-Ohio-7203 (reimposition of sentence under R.C. 2929.20(K) is not a new sentence, and is therefore distinguishable from a community control violation sentence under R.C. 2929.15).

9.

**{¶ 19}** Here, appellant argues that his conduct, including "a conviction for no operator's license," one positive drug test, and failing to report to his probation officer did not merit reimposition of the remainder of his prison sentence, totaling 7 years. Appellant admitted to the violation, however, and R.C. 2929.20(K) granted the trial court discretion to reimpose sentence. Furthermore, appellant acknowledged the possibility that the trial court could reimpose his reduced sentence. However, appellant now advocates for continued community control supervision instead of prison, arguing prison would be a harsh result for violations he characterizes as only minor infractions.

**{¶ 20}** The record before the trial court indicated new misdemeanor charges and a positive drug test indicating cocaine use, followed by appellant ceasing all contact with his probation officer for over a year. Considering appellant's conduct, we find the trial court's decision to reimpose appellant's prison sentence rather than continue appellant on community control was not unconscionable, unreasonable, or arbitrary. Accordingly, we find no abuse of discretion by the trial court in reimposing sentence under R.C. 2929.20(K), and appellant's sole assignment of error is not well-taken.

## V. Conclusion

**{¶ 21}** For the forgoing reasons, we affirm the judgment of the Ottawa County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

10.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.

Gene A. Zmuda, J.

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.